No. 23-10994

### In The United States Court of Appeals for the Fifth Circuit

Spectrum WT; Barrett Bright; Lauren Stovall,

*Plaintiffs-Appellants,*

v.

Walter Wendler; Dr. Christopher Thomas; John Sharp; Robert L. Albritton; James R. Brooks; Jay Graham; Tim Leach; Bill Mahomes; Elaine Mendoza; Michael J. Plank; Cliff Thomas; Demetrius L. Harrell, Jr.; Michael A. Hernandez, III,

*Defendants-Appellees.*

Appeal from the United States District Court for the Northern District of Texas
Case No. 2:23-CV-48

## OPPOSED MOTION FOR RECONSIDERATION BY THE PANEL OF THE COURT'S ORDER DENYING MOTIONS FOR LEAVE TO FILE BRIEFS *AMICUS CURIAE* IN SUPPORT OF PLAINTIFFS-APPELLANTS AND REVERSAL

Samuel T. Grover
*Counsel of Record*
Freedom From Religion Foundation, Inc.
P. O. Box 750
Madison, Wisconsin 53701
(608) 256-8900
sam@ffrf.org
*Counsel for Amicus Curiae Secular Student Alliance*

Brian Klosterboer
Chloe Kempf
Thomas Buser-Clancy
Adriana Piñon
American Civil Liberties Union Foundation of Texas
P.O. Box 8306
Houston, TX 77288
(346) 299-6811
bklosterboer@aclutx.org
*Counsel for Amici Curiae ACLU of Texas & Equality Texas*

Peter Steffensen
SMU Dedman Sch. of Law
First Amendment Clinic
P.O. Box 750116
Dallas, TX 75275-0116
(214) 768-4077
psteffensen@smu.edu

Thomas S. Leatherbury
Thomas S. Leatherbury Law, PLLC
1901 North Akard St.
Dallas, TX 75201-2305
(214) 213-5004
tom@tsleatherburylaw.com
*Counsel for Amicus Curiae SMU Dedman Sch. of Law First Amendment Clinic*

SUPPLEMENTAL CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed person and entity as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

**Plaintiffs-Appellants**

Spectrum WT
Barrett Bright
Lauren Stovall

**Plaintiffs-Appellants**

JT Morris
Conor T. Fitzpatrick
Foundation for Individual Rights and Expression
700 Pennsylvania Ave. SE, Suite 340
Washington, D.C. 20003

Adam B. Steinbaugh
Jeffrey D. Zeman
Foundation for Individual Rights and Expression
510 Walnut St., Suite 1250
Philadelphia, PA 19106

**Defendants-Appellees**

Dr. Walter Wendler
Dr. Christopher Thomas
John Sharp
Robert L. Albritton
James R. Brooks
Jay Graham
Michael A. Hernandez, III
Tim Leach

Bill Mahomes
Elaine Mendoza
Michael J. Plank
Cliff Thomas
Demetrius L. Harrell, Jr.

**<u>Defendants-Appellees</u>**

Charles Kenneth Eldred
Heather Lee Dyer
Amy S. Hilton
Christopher D. Hilton
Drew Anne Beglau
Office of the Attorney General of Texas
P.O. Box 12548
Capitol Station
Austin, TX 78711

**<u>Amici Curiae</u>**

Secular Student Alliance
Southern Methodist University Dedman School of Law First Amendment Clinic
American Civil Liberties Union of Texas
Equality Texas

**<u>Attorneys for *Amici*</u>**

Samuel T. Grover
Freedom From Religion Foundation
P.O. Box 750
Madison, WI 53703
(608) 256-8900
sam@ffrf.org
*Counsel for Amicus Curiae Secular Student Alliance*

Peter Steffensen
SMU Dedman School of Law First Amendment Clinic
P.O. Box 750116
Dallas, TX 75275-0116
Thomas S. Leatherbury

Thomas S. Leatherbury Law, PLLC
Cumberland Hill School Building
1901 North Akard Street
Dallas, TX 75201-2305
*Counsel for Amicus Curiae SMU Dedman School of Law First Amendment Clinic*

Brian Klosterboer
Chloe Kempf
Thomas Buser-Clancy
Adriana Piñon
American Civil Liberties Union Foundation Of Texas
P.O. Box 8306
Houston, TX 77288
(346) 299-6811
bklosterboer@aclutx.org
 *Counsel for Amicus Curiae ACLU of Texas & Equality Texas*

## Corporate Disclosure Statements

The Secular Student Alliance is a 501(c)(3) nonprofit corporation. There is no parent corporation or publicly held corporation that owns 10% or more of Secular Student Alliance's stock. No parent company or publicly traded company has an ownership interest of 10% or more in Southern Methodist University Dedman School of Law First Amendment Clinic. The American Civil Liberties Union of Texas and Equality Texas, two nonprofit organizations, certify that no parent company or publicly traded company has an ownership interest of 10% or more in either organization.

# ARGUMENT

Pursuant to Fifth Circuit Rule 27.2 and Federal Rule of Appellate Procedure 27(c), nonparty movants the Secular Student Alliance, American Civil Liberties Union of Texas ("ACLU of Texas"), Equality Texas, and the Southern Methodist University Dedman School of Law First Amendment Clinic file this joint motion for reconsideration of this Court's November 21 Order denying movants' separate motions to file briefs amicus curiae in the above-captioned case. In support of their joint motion, the movants state as follows:

1. On November 20, 2023 nonparties the Secular Student Alliance, the ACLU of Texas jointly with Equality Texas, and the Southern Methodist University Dedman School of Law First Amendment Clinic each timely filed opposed motions for leave to file briefs amicus curiae in the above-captioned case.

2. All of the motions to file amicus briefs were unopposed by the Appellants and Appellee Wendler. The remaining Appellees indicated to movants that they were opposed but did not file opposition briefs prior to movants' motions being denied.

3. On November 21, 2023, this Court, in a written order—signed by a single judge pursuant to Fifth Circuit Rule 27.2—denied each motion to file amicus briefs. The Order did not provide a reason for the denial, and none of the movants are aware of any reason why the motions were denied.

4. The Secular Student Alliance ("SSA") is a 501(c)(3) educational nonprofit and network of over 200 student chapters on high school and college campuses. SSA is dedicated to advancing nonreligious viewpoints in public discourse, in part by empowering secular students to proudly express their identity, build welcoming communities, promote secular values, and set a course for lifelong activism. SSA's proposed amicus brief would provide this Court with argument, not raised by the parties, that President Wendler engaged in unconstitutional viewpoint discrimination by engaging in censorship meant to preference his personal religious beliefs. The brief would also provide the merits panel with additional context on how drag performances have historically been, and are currently, inherently expressive activities.

5. The ACLU of Texas is a nonpartisan, nonprofit organization with thousands of members and supporters across the State. The ACLU of Texas has expertise in the First Amendment and an interest in guarding against government censorship of free expression and ideas. Equality Texas engages, educates, and undertakes policy advocacy to secure full equality for LGBTQIA+ Texans. If accepted, the brief of the ACLU of Texas and Equality Texas would provide valuable insight on the history of drag performances as a form of artistic and creative expression that is deeply

rooted in our country's culture and tradition. The brief additionally highlights why the test for protected conduct applied by the district court was erroneous.

6. The First Amendment Clinic at Southern Methodist University's Dedman School of Law defends and advances the freedoms of speech, press, assembly, and petition through litigation, public advocacy, and education. The Clinic represents clients in core First Amendment matters across the State, including in this Court, and thus has a special interest in promoting the sound interpretation of the First Amendment. The Clinic's proposed amicus brief would highlight an analytical gap in the opinion below—that Appellee Wendler's decision to bar Appellants' drag show was an unconstitutional prior restraint. The brief highlights why a proper analysis of the prior restraint issue focuses directly on the act of censorship, and contextualizes prior restraints on speech, like the one at issue here, within their proper historical understanding at the Founding.

7. Two years ago, this Court issued a thorough opinion advising that the Fifth Circuit would be "well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted." *Lefebure v. D'Aquilla*, 15 F.4th 670, 676 (5th Cir. 2021) (quoting *Neonatology Assos. v. C.I.R.*, 293 F.3d 128, 133 (3d Cir.

2002) (noting that a broadly permissive policy for accepting amicus briefs is "consistent with the predominant practice in the courts of appeals.")). This Court is in good company in relying upon the written opinion of then-Judge Samuel Alito in *Neonatology Associates*, as that same opinion is cited in the leading treatise on federal practice, when noting that it is common practice for "judges [to] freely permit amicus briefs to be filed." 16A C. Wright, A. Miller, E. Cooper, & C. Struve, FEDERAL PRACTICE & PROCEDURE 3975 (Supp. 2007).

8. In *Lefebure* this Court noted that "courts should welcome amicus briefs for one simple reason: '[I]t is for the honour of a court of justice to avoid error in their judgments,'" 15 F.4th at 675 (quoting *The Protector v. Geering*, 145 Eng. Rep. 394 (K.B. 1686)), and went on to quote Judge A. Leon Higginbotham, writing, "even in a court as learned as ours, we might be able to avoid some unnecessary catastrophes if we have the will and the patience to listen." *Id.* (quoting *Am. College of Obstetricians v. Thornburgh*, 699 F.2d 644, 647 (3d Cir. 1983) (Higginbotham, J., dissenting)).

9. This Court has regularly heeded its own counsel as articulated in *Lefebure*. It is this Court's routine practice to grant opposed motions for leave to file amicus briefs. *See, e.g.*, *Harris v. FedEx Corp. Servs.*, No. 23-20035 (5th Cir. July 24, 2023) (order granting one opposed motion for leave to file an

amicus brief); *id.* (May 10, 2023) (two orders each granting one opposed amicus brief); *id.* (May 3, 2023) (order granting one opposed amicus brief); *Brown v. Pouncy*, No. 22-30691 (5th Cir. Feb. 6, 2023) (order granting four opposed amicus briefs); *Rogers v. Smith*, No. 22-30352 (5th Cir. Jan. 27, 2023) (two orders each granting one opposed amicus brief); *Villarreal v. City of Laredo*, No. 20-40359 (5th Cir. Jan. 6, 2023) (four orders granting a combined nine opposed amicus briefs); *Halstead Bead v. Richards*, No. 22-30373 (5th Cir. Oct. 28, 2022) (order granting two opposed amicus briefs); *Crandel v. Hastings*, No. 22-10361 (5th Cir. Aug. 8, 2022) (order granting one opposed amicus brief).

10. In fact, the movants are unaware of any instance in recent years, other than in the present case, where this Court has denied a timely motion for leave to file an amicus brief at the merits stage. After a diligent search, movants were able to find only one example of this Court denying timely motions for leave to file amicus briefs under any procedural posture—and that example occurred under clearly distinguishable circumstances. In *Cope v. Cogdill*, where four motions for leave to file amicus briefs were made only in support of a petition for rehearing en banc, not in the original case. The Court ultimately denied the petition for rehearing and on that same day denied the motions for leave to file amicus briefs. *See* No. 19-10798 (5th Cir. Aug. 13,

8

2021) (four orders denying amicus briefs and one order denying petition for rehearing en banc).

11. The Supreme Court recently adopted an even more definitive practice in favor of granting leave to file amicus briefs: it did away entirely with the requirement that amici either seek consent from the litigating parties or file a motion for leave to file a brief. The new rule went into effect January 1, 2023. *See Press Release*, U.S. Sup. Ct. (Dec. 5, 2022), *available at* https://supremecourt.gov/publicinfo/press/pressreleases/pr_12-05-22.

12. This Court has analogized the standard for denying an amicus brief to that of denying someone the right to free speech, concluding, "it would be 'startling and dangerous' to adopt 'a free-floating test for First Amendment coverage based on an ad hoc balancing of relative social costs and benefits.'" *Lefebure*, 15 F.4th at 676 (quoting *U.S. v. Alvarez*, 567 U.S. 709, 717 (2012)). Rather, it is best practice to permit the merits panel to consider the arguments of amici, for if an amicus argument is unhelpful, the panel can "simply disregard the amicus brief," but, "[o]n the other hand, if a good brief is rejected, the merits panel will be deprived of a resource that might have been of assistance." *Id.* (quoting *Neonatology Assos.*, 293 F.3d at 133).

For the foregoing reasons, and in the interest of ensuring that the merits panel has access to all resources helpful in making its ultimate decision, movants respectfully request that this Court reconsider its November 21 Order denying movants' motions to file briefs amicus curiae, grant movants' motions for leave to file, and order the amicus briefs be filed.

Date: December 1, 2023

Respectfully submitted,

/s/ Samuel T. Grover
Samuel T. Grover
Freedom From Religion Foundation
P.O. Box 750
Madison, WI 53703
(608) 256-8900
sam@ffrf.org
*Counsel for Amicus Curiae*
*Secular Student Alliance*

Brian Klosterboer
Chloe Kempf
Thomas Buser-Clancy
Adriana Piñon
American Civil Liberties Union
Foundation of Texas
P.O. Box 8306
Houston, TX 77288
(346) 299-6811
bklosterboer@aclutx.org
*Counsel for Amici Curiae*
*ACLU of Texas & Equality Texas*

Peter Steffensen
SMU Dedman School of Law

> First Amendment Clinic
> P.O. Box 750116
> Dallas, TX 75275-0116
> (214) 768-4077
> psteffensen@smu.edu
>
> Thomas S. Leatherbury
> Thomas S. Leatherbury Law, PLLC
> 1901 North Akard St.
> Dallas, TX 75201-2305
> (214) 213-5004
> tom@tsleatherburylaw.com
> *Counsel for Amicus Curiae*
> *SMU Dedman School of Law*
> *First Amendment Clinic*

## CERTIFICATE OF CONFERENCE

I hereby certify under 5th Cir. R. 27.4 and Fed. R. App. P. 29(a)(2) that on November 29th, 2023 I caused the Appellees and Appellants to be contacted by electronic mail. Plaintiffs-Appellants consented to the filing this motion while Defendants-Appellees did not.

/s/ *Samuel T. Grover*
Samuel T. Grover

*Counsel for Amicus Curiae*
*Secular Student Alliance*

## CERTIFICATE OF COMPLIANCE

This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Times New Roman font.

This motion complies with the type-volume limitation of Fed. R. App. P. 29(b)(4) because this brief contains 1,407 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

*/s/ Samuel T. Grover*
Samuel T. Grover

*Counsel for Amicus Curiae*
*Secular Student Alliance*

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2023, I electronically filed the foregoing with the Clerk of Court for the United State Court of Appeals for the Fifth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system. Three copies and an original were also mailed to the Clerk of Court according to 5th Cir. R. 27.4.

*/s/ Samuel T. Grover*
Samuel T. Grover

*Counsel for Amicus Curiae*
*Secular Student Alliance*

**CERTIFICATIONS UNDER ECF FILING STANDARDS**

Pursuant to paragraph A(6) of this Court's ECF Filing Standards, I hereby certify that (1) any required privacy redactions have been made, 5th Cir. R. 25.2.13; and (2) the document has been scanned with the most recent version of a commercial virus scanning program and is free of viruses.

                                              */s/ Samuel T. Grover*
                                              Samuel T. Grover

                                              *Counsel for Amicus Curiae*
                                              *Secular Student Alliance*

Dated: December 1, 2023