No. 23-10994

# In the United States Court of Appeals for the Fifth Circuit

---

SPECTRUM WT; BARRETT BRIGHT; LAUREN STOVALL,
*Plaintiffs-Appellants*,

v.

WALTER WENDLER; DR. CHRISTOPHER THOMAS; JOHN SHARP; ROBERT L. ALBRITTON; JAMES R. BROOKS; JAY GRAHAM; TIM LEACH; BILL MAHOMES; ELAINE MENDOZA; MICHAEL J. PLANK; CLIFF THOMAS; DEMETRIUS L. HARRELL, JR.; MICHAEL A. HERNANDEZ, III,
*Defendants-Appellees.*

---

On Appeal from the United States District Court
for the Northern District of Texas, Amarillo Division

---

**JOINT RESPONSE TO APPELLANTS' OPPOSED MOTION FOR LEAVE TO FILE REPLY BRIEF FOR DEFENDANTS-APPELLEES WALTER WENDLER, CHRISTOPHER THOMAS, AND JOHN SHARP**

---

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

AARON L. NIELSON
Solicitor General

JOSEPH N. MAZZARA
Assistant Solicitor General
Joe.Mazzara@oag.texas.gov

ALLISON M. COLLINS
Assistant Attorney General
Allison.collins@oag.texas.gov

Counsel for Defendants-Appellees

# Certificate of Interested Persons

No. 23-10994

Spectrum WT; Barrett Bright; Lauren Stovall,

*Plaintiffs-Appellants*,

*v.*

Walter Wendler; Dr. Christopher Thomas; John Sharp; Robert L. Albritton; James R. Brooks; Jay Graham; Tim Leach; Bill Mahomes; Elaine Mendoza; Michael J. Plank; Cliff Thomas; Demetrius L. Harrell, Jr.; Michael A. Hernandez, III,

*Defendants-Appellees.*

Under the fourth sentence of Fifth Circuit Rule 28.2.1, defendant-appellee, as a governmental party, need not furnish a certificate of interested persons.

/s/ Joseph N. Mazzara
Joseph N. Mazzara
*Counsel of Record for*
*Defendant-Appellee Walter Wendler*

/s/ Allison M. Collins
Allison M. Collins
*Counsel for Defendants-Appellees Thomas and Sharp*

# Introduction

Appellants' motion should be denied because it seeks an unfair advantage with no basis in law or precedent. In effect, appellants would have this Court authorize a doubly long reply brief, which is highly unusual—if not unheard of—even when timely requested in accordance with the Rules of Appellate Procedure. Yet Defendants did not follow those rules. The Court should deny appellants' request because it is unfairly prejudicial, against the interests of justice, and would create perverse incentives in future cases.

# Argument

Appellants have sought leave to file a supplemental brief. Such leave is not granted automatically. *Thomason v. Guzik*, 226 F.3d 642 (5th Cir. 2000) (per curiam) (unpublished) (denying permission to file a supplemental reply brief). This court should deny appellants' motion for at least five reasons. *First*, appellants do not make a legal argument in their motion as required by Fed. R. App. P. 27(a)(2)(A). Rule 27(a)(2)(A) states that a motion "*must state with particularity* the grounds for the motion, the relief sought, and *the legal argument necessary to support it*." (emphasis added). And Fifth Circuit Rule 27.4 reminds counsel that they "must comply with the requirements of Fed. R. App. P. 27." The local rules thus accentuate the need to provide supporting legal arguments and authorities. Yet appellants failed to muster a single case or statute to support their position.

In lieu of legal argument, appellants cite (at 4) the relevant rules of appellate procedure and appeal (at 6) to vague notions of justice. Such vapid statements do not

suffice. In *Vasquez-De Martinez v. Garland*, a movant likewise failed to support his motion with legal argument. 34 F.4th 412 (5th Cir. 2022) (per curiam). In denying the motion, this Court observed that "nowhere in the two-short pages that Counsel says 'support' his motion does Counsel cite *any* law on our authority to grant" the motion, "let alone how to evaluate it." *Id*. at 414. Gesturing toward possible grounds that might allow for relief do not constitute legal arguments for granting a motion, "let alone how [this Court is] to evaluate it." *Id*.

Appellants' breezy treatment downplays the extraordinary nature of their request. Fifth Circuit Rule 27.1.13 grants the clerk (and single judges under Rule 27.2.1) authority to grant a motion "[t]o file reply or supplemental briefs in addition to the single reply brief permitted by Fed. R. App. P. 28(c) *prior to submission to the court*." (emphasis added). Appellants' motion for leave is not "prior to submission to the court" of either their "reply or supplemental brief[]" or their "single reply brief." The Rules thus preclude not only the clerk but also a single judge from ruling on the motion, which strongly indicates that granting such motions is highly disfavored. It also indicates that appellants' filing is not a typical "procedural motion," (*see* 5th Cir. Rule 27.1), and it emphasizes the need for the sort of fulsome "legal arguments" contemplated by Fed. R. App. P. 27.

*Second*, to the extent appellants were unsure of how to proceed when two appellees' briefs are filed for different defendants by different counsel, Fifth Circuit Rule 27.1.13 instructs that only a "single reply brief [is] permitted by Fed. R. App. P. 28(c)."

*Third*, appellants have had a lengthy opportunity from the time President Wendler's counsel was granted an extension on November 28 (ECF No. 71)—52 days ago—to move under Rule 27 to file an overlength consolidated reply. Such motions are far from unheard of, and litigants regularly rely on them when facing multiple opposing parties who each intend to file a principal brief. *See* Unopposed Motion for Extension of Time to File Defendant-Appellant's Opening Brief, *Woodlands Pride, Inc. v. Paxton*, No. 23-20480 (5th Cir. Dec. 4, 2023), ECF No. 69 at 2 (seeking an extension to their principal brief "to align the briefing schedule for all appellants to the same date for the ease of the parties and the Court"); Unopposed Motion for Leave to File an Overlength Consolidated Response to the Motions to Stay the Final Rule, *Texas v. EPA*, No. 23-60069 (5th Cir. Mar. 17, 2023), ECF No. 59. Leave should not now be granted given that appellants—who have repeatedly indicated their desire to expedite this case (ECF No. 12; ECF No. 64 at 1 n.1)—have declined to act in a timely fashion under the rules, and instead waited until their filing was rejected to seek leave to file an additional brief. Given their self-imposed dalliance, there would be nothing unjust about denying their motion for leave.

*Fourth*, granting appellants motion for leave would prejudice appellees. Rule 32(a)(7)(B)(ii) generously allows parties 6,500 words for a reply brief. Appellants sanctioned reply brief (ECF No. 96) was 5,904 words. The unauthorized supplemental brief appellants now seek leave to file is 6,492 words. Combined, appellants' 82 pages worth of reply and supplemental briefing would exceed the rules' word limit for replies by 5,896 words—nearly double. Further, combined, appellants' reply and supplemental brief would be 12,396 words. That is a mere 564 words

shorter than their principal brief, or about a page and a half. For all intents and purposes, appellants are seeking to file an extra-length brief, without complying with 5th Cir. Rule 32.4's requirement to submit their request ten days prior to the brief's due date. Appellants should not be granted a second bite at the apple in an attempt to shore up their arguments against appellees. Granting appellants leave to file would be granting them an unfair advantage over appellees and it would be a significant deviation from the Federal Rules of Appellate Procedure and the Fifth Circuit's own very accessible rules.

*Fifth*, there is no prejudice to appellants. If this Court's rules are to have any binding effect, the self-inflicted consequences that flow from failure to comply with those rules cannot—standing alone—excuse litigants from following them. What appellants are asking for is extraordinary special treatment. In effect, they seek double the word-count allotted to them, an option that would almost certainly be unavailable under the procedural avenues available to address their situation. While it is far from unusual for parties to timely ask for—and receive—extra words when responding to multiple parties submitting multiple briefs, it is highly unusual for a party to receive *twice* the ordinary number of words. *See e.g.*, Clerk Order Granting Motion to File Brief in Excess of Word Count, *Dobbin v. Lake*, No. 23-50215 (5th Cir. July 7, 2023), ECF No. 44 (increasing word limit for appellant's brief from 13,000 to 16,000 words in case involving multiple appellee briefs); Order, *Texas v. EPA*, No. 23-60069 (5th Cir. Mar. 21, 2023) ECF No.76 (granting motion to increase word limit from 5,200 to 9,000 words). This Court should not indulge appellants' gambit to achieve outside the rules an advantage it could not get by following them. Both for this case and the

next, the Court should avoid creating the perverse incentive structure appellants' success would create.

## Conclusion

For the foregoing reasons, the Court should deny appellants motion for leave to file a supplemental brief.

Respectfully submitted,

| | |
|---|---|
| Ken Paxton<br>Attorney General of Texas | Aaron L. Nielson<br>Solicitor General |
| Brent Webster<br>First Assistant Attorney General | /s/ Joseph N. Mazzara<br>Joseph N. Mazzara<br>Assistant Solicitor General<br>Joe.Mazzara@oag.texas.gov |
| Office of the Attorney General<br>P.O. Box 12548 (MC 059)<br>Austin, Texas 78711-2548<br>Tel.: (512) 936-1700<br>Fax: (512) 474-2697 | Counsel for Defendant-Appellee Walter Wendler<br><br>/s/ Allison M. Collins<br>Allison M. Collins<br>Assistant Attorney General<br>Allison.collins@oag.texas.gov<br><br>Counsel for Defendants-Appellees Thomas and Sharp |

## Certificate of Service

On January 19, 2024, this brief was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of Symantec Endpoint Protection and is free of viruses.

/s/ Joseph N. Mazzara
Joseph N. Mazzara

## Certificate of Compliance

This document complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1180 words, excluding the parts of the brief exempted by Rule 32(f); and (2) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Equity) using Microsoft Word (the same program used to calculate the word count).

/s/ Joseph N. Mazzara
Joseph N. Mazzara