NO. 23-10994

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

SPECTRUM WT; BARRETT BRIGHT; and LAUREN STOVALL,

*Plaintiffs-Appellants*,

v.

WALTER WENDLER; DR. CHRISTOPHER THOMAS; JOHN SHARP; ROBERT L. ALBRITTON; JAMES R. BROOKS; JAY GRAHAM; TIM LEACH; BILL MAHOMES; ELAINE MENDOZA; MICHAEL J. PLANK; CLIFF THOMAS; DEMETRIUS L. HARRELL, JR.; and MICHAEL A. HERNANDEZ, III,

*Defendants-Appellees*.

## APPELLANTS' OPPOSITION TO
## APPELLEE WALTER WENDLER'S
## MOTION TO RECONSIDER ORDER GRANTING LEAVE TO
## FILE SUPPLEMENTAL REPLY BRIEF

On Appeal from the United States District Court for the
Northern District of Texas, Civil Action No. 2:23-CV-48
Hon. Matthew J. Kacsmaryk Presiding

| | |
|---|---|
| JT Morris | Adam Steinbaugh |
| *Counsel of Record* | Jeffrey D. Zeman |
| Conor T. Fitzpatrick | FOUNDATION FOR INDIVIDUAL |
| FOUNDATION FOR INDIVIDUAL |    RIGHTS AND EXPRESSION |
|    RIGHTS AND EXPRESSION | 510 Walnut St. |
| 700 Pennsylvania Ave. S.E., | Suite 900 |
| Suite 340 | Philadelphia, PA. 19106 |
| Washington, D.C. 20003 | Tel: (215) 717-3473 |
| Tel: (215) 717-3473 | adam@thefire.org |
| jt.morris@thefire.org | jeff.zeman@thefire.org |
| conor.fitzpatrick@thefire.org | |

*Attorneys for Plaintiffs-Appellants*

# CERTIFICATE OF INTERESTED PARTIES

The cause number and style of the case is No. 23-10994, *Spectrum WT v. Wendler* (USDC Civil No. 2:23-CV-48, Northern District of Texas).

The undersigned counsel of record certifies that the following listed persons or entities described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

**Plaintiffs-Appellants**
Spectrum WT
Barrett Bright
Lauren Stovall

**Attorneys for Plaintiffs-Appellants**
JT Morris
Conor T. Fitzpatrick
Foundation for Individual Rights and Expression
700 Pennsylvania Ave. SE, Suite 340
Washington, DC 20003

Adam Steinbaugh
Jeffrey Daniel Zeman
Foundation for Individual Rights and Expression
510 Walnut St., Suite 900
Philadelphia, PA 19106

**Defendants-Appellees**
Dr. Walter Wendler
Dr. Christopher Thomas
John Sharp
Robert L. Albritton
James R. Brooks
Jay Graham
Michael A. Hernandez, III
Tim Leach
Bill Mahomes
Elaine Mendoza
Michael J. Plank
Cliff Thomas
Demetrius L. Harrell, Jr.

**Attorneys for Defendants-Appellees**
Allison Marie Collins
Joseph N. Mazzara
Heather Lee Dyer
Charles Kenneth Eldred
Amy S. Hilton
Christopher D. Hilton
Drew Anne Beglau
Monroe David Bryant, Jr.
Munera A-Fuhaid
Zachery Berg
Office of the Attorney General of Texas
P.O. Box 12548
Capitol Station
Austin, TX 78711

**Other Interested Parties**
West Texas A&M University
Texas A&M University System

**Amici Curiae**
American Civil Liberties Union of Texas
Equality Texas

Secular Student Alliance
SMU Dedman School of Law First Amendment Clinic

**Attorneys for Amici Curiae American Civil Liberties Union of Texas and Equality Texas**
Brian Klosterboer
Chloe Kempf
Thomas Buser-Clancy
Adriana Piñon
American Civil Liberties Union Foundation of Texas
P.O. Box 8306
Houston, TX 77288

**Attorney for Amicus Curiae Secular Student Alliance**
Samuel T. Grover
Freedom From Religion Foundation, Inc.
P.O. Box 750
Madison, Wisconsin 53701

**Attorneys for Amicus Curiae Southern Methodist University Dedman School of Law First Amendment Clinic**
Peter Steffensen
SMU Dedman School of Law First Amendment Clinic
P.O. Box 750116
Dallas, TX 75275-0116

Thomas S. Leatherbury
Thomas S. Leatherbury Law, PLLC
Cumberland Hill School Building
1901 North Akard Street
Dallas, TX 75201-2305

       Respectfully,

       /s/ JT Morris
       JT Morris
       *Counsel of Record for Plaintiffs-Appellants*

## INTRODUCTION

The Court should deny Wendler's motion to reconsider the Court's grant of leave for Plaintiffs to file a separate brief replying to arguments advanced by President Wendler. Embedded within his opposition to an unrelated motion, Wendler simply repeats arguments from his failed opposition to Plaintiffs' motion for leave. *Compare* Doc. 119 at *with* Doc. 105.

Those arguments fare no better on reconsideration. Plaintiffs' separate reply brief responds to Wendler's novel arguments, distinct from those raised in the other Defendants' brief, filed two weeks before Wendler's. Those responses do not prejudice Wendler. Instead, Plaintiffs' separate reply assists the Court by addressing arguments Wendler raised for the first time on appeal about core First Amendment issues.

## BACKGROUND

This case centers on a viewpoint-based prior restraint on student expression. In March 2023, Walter Wendler announced that he, as president of West Texas A&M University, would not permit a recognized student group to host a drag show on his campus, canceling Plaintiffs' planned performance days before curtains-up and banning drag shows

from campus. His announcement denounced drag shows as "derisive, divisive and demoralizing misogyny," a "[d]emeaning" form of "performance" that "discriminate[s] against womanhood." After the district court denied Plaintiffs' preliminary injunction motion, Plaintiffs appealed, and filed their principal brief on November 13, 2023. (Dkt. 48.)

On December 13, Defendants Thomas and Sharp, represented by the Texas Office of the Attorney General, filed a brief concerning standing and sovereign immunity, but declined to address the substantive First Amendment issues. (Dkt. 89.) President Wendler moved for a briefing extension, which the Court granted. (Dkts. 64, 71.)

On December 28, President Wendler—also represented by the Office of the Attorney General—filed a separate brief focused on substantive First Amendment issues, not addressing standing and spending less than three (of forty) pages on sovereign immunity. (Dkt. 94.) Wendler's brief raised—for the first time—arguments concerning forum analysis. (*See* Dkt. 113 at 23).

Plaintiffs timely filed a reply to the brief of Sharp and Thomas on January 3, 2024, the day it was due. Fed. R. App. P. 31(a)(1). That brief addressed the standing and sovereign immunity arguments advanced by

Sharp and Thomas. (Dkt. 96). Over Defendants' objection (Dkt. 105), Judge James L. Dennis granted (Dkt. 112-2) Plaintiffs leave to timely file a supplemental reply brief (Dkt. 113) addressing Wendler's First Amendment arguments not raised in Sharp and Thomas's brief.

## ARGUMENT

For the same reasons President Wendler's recycled arguments failed before, they fail now.

***The Supplemental Reply Assists the Court.*** Wendler's reconsideration motion ducks a key factor: Plaintiffs' separate reply assists the Court in at least two respects. First, it replies to Wendler's substantive First Amendment arguments, which are absent from the other Defendants' merits brief. Second, it addresses arguments Wendler makes for the first time. For instance, Wendler declined to address Plaintiffs' forum analysis arguments below, yet he argues about forum analysis in his merits brief. *See* Dkt. 113 at 23 (noting that Wendler offers a forum analysis for the first time on appeal). Wendler cannot raise a new issue on appeal, then scream prejudice when Plaintiffs ask for a fair shake to reply to the new issue.

***Wendler suffers no prejudice.*** Plaintiffs' timely-filed, separate reply brief does not delay or prejudice Wendler. President Wendler's chief objection is about word count. Doc. 119 at 18. But at the same time, Wendler undercuts his prejudice argument, insisting that had Plaintiffs moved to "file an overlength consolidated reply," it would have been "routine." *Id*. Permitting Plaintiffs to file one consolidated, overlength reply is indistinguishable from permitting Plaintiffs to file a separate reply brief. If Wendler would suffer no prejudice from a "routine" consolidated reply, he suffers no prejudice from the same content under separate covers.

***Plaintiffs faced prejudice.*** Allowing Plaintiffs to file a separate reply prevented prejudice to them, despite Wendler's arguments otherwise. While Wendler notes his brief is filed by "different counsel" (Doc. 119 at 17) than Sharp and Thomas's, the Office of the Attorney General represents all three. Their divide-and-conquer briefing contains 18,895 words—far more than would be permitted had they not chosen to file separate briefs. Fed. R. App. P. 32(a)(7)(B)(i). Allowing Plaintiffs to file a separate reply brief simply makes this appeal a level playing field—especially after Wendler raised new arguments in his merits brief.

***Wendler's procedural arguments fail.*** Wendler complains about a single judge granting Plaintiffs' motion for leave a brief, but overlooks that Fifth Circuit Rule 27.1.13 expressly permits a single judge to grant leave to file an additional "reply or supplemental" brief. Judge Dennis rightly granted that leave here, and Wendler has shown nothing that should spur the Court to second-guess Judge Dennis. As for Wendler's complaint that Fifth Circuit Rule 27.1.13 provides that leave to file a brief must be granted "prior to submission to the court" (Doc. 119 at 17), that language simply recognizes that the clerk does not send cases to the Court until all briefs are filed. The language does not, as Wendler argues, prohibit a party from proffering a brief when seeking leave to file it—indeed, motions for leave to file a proposed brief regularly attach the proposed brief. Finally, though Wendler might argue that only case law interpreting a rule may guide the Court's decision (Doc. 119 at 16–17), he is wrong; the Court's rules Plaintiffs cited in their motion for leave were more than enough legal authority to support granting them leave.

## CONCLUSION

For these reasons, the Court should deny Wendler's motion to reconsider the order granting Plaintiffs leave to file a supplemental reply.

Dated: March 1, 2024　　　　　　Respectfully,

/s/ JT Morris
JT Morris
Conor T. Fitzpatrick
FOUNDATION FOR INDIVIDUAL RIGHTS
 AND EXPRESSION
700 Pennsylvania Ave., S.E., Suite 340
Washington, D.C. 20003
Tel: (215) 717-3473
jt.morris@thefire.org
conor.fitzpatrick@thefire.org


Adam Steinbaugh
Jeffrey D. Zeman
FOUNDATION FOR INDIVIDUAL RIGHTS
 AND EXPRESSION
510 Walnut St., Suite 900
Philadelphia, PA. 19106
Tel:  (215) 717-3473
adam@thefire.org
jeff.zeman@thefire.org

*Attorneys for Plaintiffs-Appellants*

# CERTIFICATE OF SERVICE

This certifies that on March 1, 2024, in compliance with Rules 25(b) and (c) of the Federal Rules of Appellate Procedure, the undersigned served the foregoing via the Court's ECF filing system on all registered counsel of record.

/s/ JT Morris  
JT Morris  
Attorney for Plaintiffs-Appellants

# CERTIFICATE OF COMPLIANCE

1. This motion complies with the type-volume limitation of Fed. App. P. 27(d)(2)(A) and the type style requirements of Fed. R. App. 27(d)(1)(E) because it contains 925 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and Local Rule 32.2.

2. This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and Local Rule 32.1 and the type style requirements because it has been prepared in proportionally spaced typeface using 14-point Century Schoolbook font with 12-point Century Schoolbook font for footnotes.

Dated: March 1, 2024  /s/ JT Morris
JT Morris
Attorney for Plaintiffs-Appellants