

Joseph N. Mazzara  
Assistant Solicitor General

joe.mazzara@oag.texas.gov  
(512) 936-1700

April 17, 2024

**VIA CM/ECF**  
Mr. Lyle W. Cayce, Clerk  
United States Court of Appeals for The Fifth Circuit

    Re:    No. 23-10994, *Spectrum WT, et al., v. Wendler, et al.*

Dear Mr. Cayce:

    On April 11—well after opposing counsel filed about a dozen briefs in the district court, this Court, and the Supreme Court of the United States—opposing counsel conveyed the discovery of two West Texas A&M student handbooks published prior to President Wendler's 2023 and 2024 decisions to restrict the use of Legacy Hall. The handbooks postdate the 2020 handbook that was relied on by the district court. *See* Attachment 1 at 1. The newly discovered handbooks lack the words "[p]ublic behavior that is disruptive, lewd, or indecent," a phrase relied on by Wendler in his various briefs before this Court and others to assert such conduct was prohibited by school policy. *See, e.g.*, Defendant Appellee Walter Wendler at 3, 36 (5th Cir. Dkt. 94, Dec. 28, 2023) (citing the record); Resp. to Mot. for Inj. Pending Appeal at 15 (5th Cir. Dkt. 119, Feb. 20, 2024); Wendler Resp. in Opp. to Emer. Mot. for Inj. Pending Appeal at 4 (S. Ct. Mar. 13, 2024).

    The current posture of this case is an appeal from a denial of a preliminary injunction. The district court could not have improperly denied the injunction based on a document never put before it, and the appellants still have an opportunity to rely on the lack of this language in the newer handbooks at trial. It was plaintiffs' burden to show each element was met to obtain a preliminary injunction, a burden they did not meet. *See, e.g.*, *Anibowei v. Morgan*, 70 F.4th 898, 902 (5th Cir. 2023). Regardless, opposing counsel's late-breaking discovery of Wendler's counsels' good faith mistake does not affect any of Wendler's arguments. Wendler's arguments regarding university policy prohibiting lewdness are otherwise supported by sections 2.4.E (at 24), 2.15 (at 34-35), 2.19 (at 35-36), and 2.30 (at 39) of the 2022 handbook,[1]

---

[1] https://www.wtamu.edu/_files/docs/student-support/Student%20Conduct%20/Student%20Handbook_SP23.pdf

and by sections 2.4 (at 27), 2.15 (at 41), 2.19 (at 42), and 2.31 (at 48) of the 2023 handbook.[2] Even absent any of the handbooks, Wendler's arguments are also supported by longstanding Supreme Court precedent that "[t]he First Amendment does not prevent the school officials from determining that" permitting vulgarity or lewdness would "undermine the school's basic educational mission." *Bethel School District No. 403 v. Fraser*, 478 U.S. 675, 685 (1986).

        Respectfully submitted.

        /s/ Joseph N. Mazzara
        Joseph N. Mazzara
        *Counsel for Defendant-Appellee*

cc: Counsel for All Parties (via CM/ECF)

---

[2] https://www.wtamu.edu/_files/docs/student-support/Student%20Conduct%20/Student%20Handbook_2023-2024.pdf

# Attachment 1



April 11, 2024

**_Via_ Email**
Joseph N. Mazzara
Assistant Solicitor General
Office of the Attorney General
P.O. Box 12548 (MC059)
Austin, Texas 78711
joe.mazzara@oag.texas.gov

RE: *Spectrum WT v. Wendler*, No. 23-10994 (5th Cir.)

Dear Joseph:

I write concerning a potential discrepancy over what President Wendler has represented to the courts about West Texas A&M policies. I am hopeful you can provide an explanation, and if necessary, advise the courts as appropriate.

In court filings, President Wendler has represented that West Texas A&M University policy "does in fact prohibit '[p]ublic behavior that is disruptive, lewd, or indecent.'"[1] The District Court cited the 2020 policy provision President Wendler offered. Memo. Op. at 15 (N.D. Tex. Dkt. 59, Sept. 21, 2023). And most recently, President Wendler pointed to "reasons further explained in court filings" when announcing he would not allow Plaintiffs' March 22, 2024 scheduled drag performance. *See* Pls. Mar. 29, 2024 Rule 28 letter to Fifth Circuit (5th Cir. Dkt. 156).

However, it appears the 2020 university policy President Wendler referenced in his briefing was amended in August 2022 to eliminate "[p]ublic behavior that is disruptive, lewd, or indecent." *Compare* Aug. 2020 "Code of Student Life" (N.D. Tex. Dkt. 37-1) *with* August 2022 Student Handbook, https://www.wtamu.edu/_files/docs/student-support/Student%20Conduct%20/Student%20Handbook_SP23.pdf. If so, the 2020 policy was not in effect when President Wendler first banned campus drag shows in March 2023.

---

[1] Br. for Defendant Appellee Walter Wendler at 3, 36 (5th Cir. Dkt. 94, Dec. 28, 2023); *see also* Wendler Resp. to Mot. for Inj. Pending Appeal at 15 (5th Cir. Dkt. 119, Feb. 20, 2024); Wendler Br. in Support of Response to Am. Mot. for Prelim. Inj. at 6, 7, 17 & Ex. 1 (N.D. Tex. Dkts. 37 & 37-1, May 5, 2023); Wendler Resp. in Opp. to Emer. Mot. for Inj. Pending Appeal at 4 (S. Ct. Mar. 13, 2024).

Similarly, the handbook that was in place in March 2024 (when Wendler canceled the second scheduled performance) also lacked any reference to "[p]ublic behavior that is disruptive, lewd, or indecent." July 2023 WT Student Handbook, https://www.wtamu.edu/_files/docs/student-support/Student%20Conduct%20/Student%20Handbook_2023-2024.pdf.

President Wendler's briefs have made "lewd" behavior, and an alleged university policy against it, a material issue in the case. Yet it appears there is a discrepancy between (a) Wendler's representations that university policy prohibits "lewd" behavior and (b) the policies from 2022 and later that eliminate any reference to "lewd." If President Wendler has a reasonable explanation for this discrepancy, we would appreciate you providing that explanation.

If President Wendler has mistakenly cited a policy that was no longer active when he banned drag performances in 2023, I strongly urge that you disclose that mistake to the courts immediately, especially the Fifth Circuit where oral argument is set for April 29. Absent an explanation to us or a disclosure to the courts from President Wendler by **April 17**, Plaintiffs will alert the Court to the discrepancy.

Please call me at any time to discuss this issue.

Best regards,

JT Morris

CC (via email):   Allison Marie Collins (allison.collins@oag.texas.gov)
   David Bryant (david.bryant@oag.texas.gov)