NO. 23-10994

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

SPECTRUM WT, BARRETT BRIGHT, and LAUREN STOVALL,

*Plaintiffs-Appellants,*

v.

WALTER WENDLER, *et al.,*

*Defendants-Appellees.*

## SPECTRUM WT'S MOTION TO HOLD
## APPEAL IN ABEYANCE

On Appeal from the United States District Court for the
Northern District of Texas, Amarillo Division,
Civil Action No. 2:23-CV-48
Hon. Matthew J. Kacsmaryk Presiding

JT Morris
   *Counsel of Record*
Conor T. Fitzpatrick
FOUNDATION FOR INDIVIDUAL
   RIGHTS AND EXPRESSION
700 Pennsylvania Ave. S.E., Suite 340
Washington, D.C. 20003
Tel: (215) 717-3473
jt.morris@thefire.org
conor.fitzpatrick@thefire.org

Adam Steinbaugh
Jeff Zeman
FOUNDATION FOR INDIVIDUAL
   RIGHTS AND EXPRESSION
510 Walnut St., Suite 1250
Philadelphia, PA. 19106
Tel: (215) 717-3473
adam@thefire.org
jeff.zeman@thefire.org

*Attorneys for Plaintiffs-Appellants*

# CERTIFICATE OF INTERESTED PARTIES

The cause number and style of the case is No. 23-10994, *Spectrum WT v. Wendler* (USDC Civil No.2:23-CV-48, Northern District of Texas).

The undersigned counsel of record certifies that the following listed persons or entities described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.[1]

### Plaintiffs-Appellants
Spectrum WT
Barrett Bright
Marcus Stovall

### Attorneys for Plaintiffs-Appellants
JT Morris
Conor T. Fitzpatrick
Foundation for Individual Rights and Expression
700 Pennsylvania Ave. SE, Suite 340
Washington, DC 20003

Adam Steinbaugh
Jeffrey D. Zeman
Foundation for Individual Rights and Expression

---

[1] In September 2023, the district court dismissed all Defendants except for Defendants Wendler, Thomas, and Sharp for lack of standing, which Plaintiffs have not contested on appeal. In September 2025, the district court also dismissed Plaintiffs Bright and Stovall's remaining claims, as they are no longer enrolled at West Texas A&M University. Finally, the parties filed a stipulated dismissal of Chancellor Glenn Hegar, former Chancellor Sharp's successor, on November 3.

Thus, the active parties remaining for purposes of this interlocutory appeal include Plaintiff-Appellant Spectrum WT and Defendants-Appellees Wendler and Thomas. Plaintiffs include the non-active parties in this certificate of interested parties for completeness.

510 Walnut St., Suite 900
Philadelphia, PA 19106


**<u>Defendants-Appellees</u>**
Dr. Walter Wendler
Dr. Christopher Thomas
John Sharp
Robert L. Albritton
James R. Brooks
Jay Graham
Michael A. Hernandez, III
Tim Leach
Bill Mahomes
Elaine Mendoza
Michael J. Plank
Cliff Thomas
Demetrius L. Harrell, Jr.


**<u>Attorneys for Defendants-Appellees</u>**
William R. Peterson
Monroe David Bryant, Jr.
Zachary Berg
Munera Al-Fuhaid
Drew Anne Beglau
Jacob C. Beach
Office of the Attorney General of Texas
P.O. Box 12548
Capitol Station
Austin, TX 78711

Allison Marie Collins
Foster Swift Collins & Smith PC
313 South Washington Square
Lansing, MI 48933

**<u>Other Interested Parties</u>**
West Texas A&M University

Texas A&M University System

Respectfully,

/s/ JT Morris
JT Morris
*Counsel of Record for Plaintiffs-Appellants*

TO THE HONORABLE COURT OF APPEALS:

Under Federal Rule of Appellate Procedure 27, Spectrum WT asks this Court to suspend supplemental briefing deadlines and *en banc* oral argument in this matter pending the resolution of the District Court's proceedings in case 2:23-cv-00048-Z. Following this Court's decision to rehear this case *en banc* and calendaring of *en banc* oral argument for January 23, 2026, the District Court scheduled the same dispute for trial in the three-week trial window beginning January 14, 2026. As the District Court has denied the Parties' joint request to amend the trial schedule, unless this Court holds its *en banc* review in abeyance, the Parties will be required to prepare for and conduct trial at the same time they are preparing for and presenting *en banc* oral argument, negating their ability to devote limited resources to either. Regardless, the matter will be tried without the benefit of this Court's view as to what law

applies and this Court's *en banc* proceeding may become moot immediately following oral argument.

In support of this motion, Spectrum attaches three relevant District Court filings as exhibits and states the following:

1. After the U.S. District Court for the Northern District of Texas denied Spectrum's motion for preliminary injunctive relief and dismissed Spectrum's damages claims against Defendant Walter Wendler, Spectrum filed an interlocutory appeal in this Court. The District Court stayed proceedings pending resolution of the appeal. *Spectrum WT v. Wendler et al*, 2:23-cv-00048-Z, ECF 98. At that time, the District Court had not yet entered a scheduling order.

2. On August 18, 2025, a divided panel of this Court reversed the District Court's denial of Spectrum's preliminary injunction, but several weeks later the Court elected to rehear the case *en banc*. Spectrum's supplemental *en banc* briefing is currently due on November 24, 2025, and *en banc* oral argument is scheduled for January 23, 2026.

3. Following the panel's reversal and prior to the Court's decision to reconsider this case *en banc*, proceedings resumed before the District Court. The District Court held a status conference in September,

and Parties submitted a Joint Proposed Scheduling Order recommending that completion of discovery be set for February 9, 2026, and trial set for April 15, 2026. ECF 119. The District Court denied this recommendation and issued its first Scheduling Order. ECF 120.

4. One day after this Court set Spectrum's appeal for *en banc* rehearing, the District Court issued a slightly revised Amended Scheduling Order, ECF 122. Both scheduling orders provided for completion of discovery by December 26, 2025, and set trial for February 3, 2026, one week after the Parties present oral argument before this *en banc* Court.

5. Spectrum and Defendants filed a Joint Motion for Modification of Amended Scheduling Order, pointing to the overlap between the District Court and Fifth Circuit court proceedings. ECF 124, Exhibit A. The Joint Motion also raised several scheduling conflicts of both sides' counsel, including a federal jury trial set to begin January 13, 2026, involving two of Spectrum's attorneys. *Id.*

6. The District Court denied the Parties' Joint Motion to revise the scheduling order on November 10. ECF 125, Exhibit B. In light of "potential conflicts with Christmas and other end-of-year holidays,"

however, it issued a Second Amended Scheduling Order "to consolidate several deadlines." *Id*. This revised scheduling order shortens the deadline for discovery completion to December 19, 2025, even though the Parties have just begun discovery in earnest. ECF 126, Exhibit C. And it moves the start date for the three-week trial window from one week after the Parties' *en banc* Fifth Circuit oral argument, to one week *before* that oral argument, on January 14, 2026. *Id*. This means trial may overlap with the January 13 federal jury trial conflict the Parties noted in their Joint Motion, Exhibit A, and may overlap with the Parties' oral argument before this *en banc* Court.

7.      Spectrum filed a motion this week asking the District Court to reconsider its Second Amended Scheduling Order and to, at a minimum, revert to the original February 3 trial window date. ECF 127. Even if the District Court grants the motion, however, it will not resolve the significant scheduling issues that prompted both Parties to seek modification in the first place. In either case, the Parties will be forced to quickly complete discovery, file summary judgment motions, prepare for trial, and try this case at the same time they are completing *en banc* briefing and preparing for and presenting *en banc* argument.

8.     For these reasons, and because Spectrum understands this Court is reluctant to compel district courts to revise scheduling orders, *see U.S. v. Abbott*, 92 F.4th 570 (5th Cir. 2024), Spectrum asks this Court to postpone *en banc* oral argument until the Spring 2026 *en banc* sitting and suspend all supplemental briefing deadlines until closer to that time. Alternatively, Spectrum asks this Court to postpone *en banc* oral argument until the Spring 2026 sitting, and permit Parties to file additional supplemental briefing at that time to address the District Court's findings and decision at trial, which the Parties will not have addressed in the initial *en banc* briefing.

9.     Spectrum conferred with Defendants' counsel and they oppose this Motion.

10.    Granting this Motion will permit all Parties to allocate limited time and resources to completing expedited discovery to provide the lower court as fulsome and accurate a portrayal of the dispute as possible under the circumstances. It will also permit the Parties to focus on preparing arguments for trial regarding the state of applicable law as the Parties understand it prior to this Court's *en banc* review.

Dated: November 14, 2025

Respectfully,

/s/ JT Morris
JT Morris
Conor T. Fitzpatrick
FOUNDATION FOR INDIVIDUAL RIGHTS
   AND EXPRESSION
700 Pennsylvania Ave., S.E., Ste. 230
Washington, D.C. 20003
Tel: (215) 717-3473
jt.morris@thefire.org
conor.fitzpatrick@thefire.org

Adam Steinbaugh
Jeffery Zeman
FOUNDATION FOR INDIVIDUAL RIGHTS
   AND EXPRESSION
510 Walnut St., Suite 900
Philadelphia, PA. 19106
Tel:  (215) 717-3473
adam@thefire.org

*Attorneys for Plaintiffs-Appellants*

**CERTIFICATE OF SERVICE**

This certifies that on November 14, 2025, in compliance with Rules 25(b) and (c) of the Federal Rules of Appellate Procedure, the undersigned served the foregoing via the Court's ECF filing system on all registered counsel of record.


/s/ JT Morris
JT Morris

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

|  |  |
|---|---|
| SPECTRUM WT, *et al.*, | |
| *Plaintiffs,* | No. 2:23-cv-00048 |
| v. | **Hon. Matthew J. Kacsmaryk** |
| WALTER WENDLER, *et al.*, | |
| *Defendants.* | |

**JOINT MOTION FOR MODIFICATION OF AMENDED**
**SCHEDULING ORDER**

Plaintiff Spectrum WT ("Plaintiff") and Defendants Walter Wendler and Christopher Thomas, in their official capacities ("Defendants"), together the "Parties", hereby jointly move, pursuant to Federal Rule of Procedure 16(b)(4) and Local Rule 40.1 of the Local Civil Rules of the United States District Court for the Northern District of Texas, for modification of the Amended Scheduling Order (ECF No. 122) entered by the Court on October 28, 2025. As good cause for such modification, the Parties respectfully state as follows:

**I.    BACKGROUND OF MOTION**

The Parties share the Court's wish to proceed to a bench trial in this case at the earliest practicable date. However, the Fifth Circuit Court of Appeals on October 27, 2025, determined on its own motion to vacate the panel opinion in Case No. 23-10994 and to rehear that interlocutory appeal in this case *en banc*. The Fifth Circuit has directed that a supplemental brief is due to be filed by Plaintiff-Appellant by November 24, 2025, and a supplemental brief is due to be filed by Defendants-Appellees by December 22, 2025. Oral argument before the *en banc* Court of Appeals is scheduled for January 23, 2026. These developments have made the scheduling order currently in effect impractical and create good cause for its modification.

Although this case was filed in March 2023, the parties have not completed substantial discovery in this case, as the Court closed the case in May 2024 (ECF No. 98) and did not enter a

1

scheduling order until October 2025 (ECF No. 120). Before the case was reopened, the parties' discovery was limited to the exchange of initial disclosures.

Despite this, the Parties actively litigated in 2023 the Plaintiffs' motions for a temporary restraining order and preliminary injunction. This culminated in this Court's Memorandum Opinion and Order dated September 21, 2023 (ECF No. 59), and Plaintiffs' Notice of Interlocutory Appeal to the Fifth Circuit dated September 26, 2023 (ECF No. 61) (appeal docketed as Case No. 23-10994).

A divided panel of the Fifth Circuit issued its opinion in the interlocutory appeal in Case No. 23-10994 on August 18, 2025. The panel opinion reversed the denial of a preliminary injunction, affirmed the Court's holding that Plaintiffs had standing to sue Defendant Thomas, and reversed the Court's holding that Plaintiffs had standing to sue Defendant Sharp. Although the mandate was withheld at the request of a Judge of the Fifth Circuit, none of the Parties moved for rehearing or rehearing *en banc* of the panel decision in Case No. 23-10994.

Accordingly, the Parties reasonably regarded the law as set forth in the panel opinion in Case No. 23-10994 as the law of the case binding on the Parties in the trial on the merits in this case at the time they filed their Joint Proposed Scheduling Order on October 3, 2025. (ECF No. 119). The Parties proposed a February 9, 2026, date for completion of discovery. The Parties proposed a ready-for-trial date of April 15, 2026.

The Court entered its initial Scheduling Order on October 8, 2025. (ECF No. 120). That Scheduling Order provides for completion of discovery by December 26, 2025, the day after Christmas. It sets the case for trial on the merits on February 3, 2026. The Court's Amended Scheduling Order (ECF No. 122) maintains these dates.

The Parties have commenced discovery. Plaintiff has served on Defendants Wendler and Thomas two sets of Rule 34 Requests for Production of Documents and two sets of Interrogatories. Defendants have served on Plaintiff a Rule 34 Request for Production of Documents, a set of

Interrogatories, and a set of Requests for Admissions. Anticipating document production in late November, the Parties have requested of each other dates for seven depositions in the first two weeks of December.

On October 27, 2025, the Fifth Circuit sua sponte granted *en banc* rehearing, vacating the panel decision. To that end, the posture of this case is now largely the same as it was when the Court closed the case in May 2024, stating it "will reopen this case upon resolution of Plaintiffs' appeal." (ECF No. 98).

## II.    THERE IS GOOD CAUSE FOR MODIFICATION OF THE AMENDED SCHEDULING ORDER.

### A.    The Applicable Law of the Case is Unknown Until the *En Banc* Court Rules.

The *en banc* rulings of law of the Fifth Circuit[1] in Case No. 23-10994 likely will provide the applicable "law of the case" for the trial on the merits. *See, e.g.*, *Lewis Brisbois Bisgaard & Smith, L.L.P. v. Bitgood*, No. 24-20458, 2025 U.S. App. LEXIS 27791 (5th Cir. Oct. 23, 2025), citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988), *Royal Ins. Co. of Am. v. Quinn-L Cap. Corp.*, 3 F.3d 877, 880–81 (5th Cir. 1993), & *Gaala v. Brown*, 460 F.App'x 469, 476 (5th Cir. 2012); *see also United States v. Abbott*, 92 F.4th 570, 573 n.2 (5th Cir. 2024) (Willett, J., concurring) ("Just to be clear, any conclusions of law made by an *en banc* court on appeal from a preliminary injunction are binding on the trial court in a subsequent trial on the merits"); *Gene & Gene, L.L.C. v. BioPay, L.L.C.*, 624 F.3d 698, 702 (5th Cir. 2010). The Parties (and this Court) should have a fair opportunity to know the applicable law of the case when they prepare for trial and actually try this case on the merits. If Case No. 23-10994 is argued to the *en banc* Fifth Circuit on January 23, 2026, as currently scheduled, it is not realistic to expect an *en banc* decision by February 2026.

If this case is tried on the merits in February 2026 and a final judgment is thereafter entered by this Court before the *en banc* decision is entered by the Fifth Circuit in Case No. 23-10994, that would render Case No. 23-10994 moot. *See Satanic Temple, Inc. v. Tex. Health & Hum. Serv.*

---

[1]    Of course, it is possible that the *en banc* decision of the Fifth Circuit in Case No. 23-10994 will be further reviewed in the Supreme Court of the United States.

*Comm'n*, 79 F.4th 512, 514–15 (5th Cir. 2023); *Koppula v. Jaddou*, 72 F. 4th 83, 84 (5th Cir. 2023). Such a result would make all the efforts of the Fifth Circuit and the Parties in the *en banc* proceeding in Case No. 23-10994 futile, unnecessarily wasting the *en banc* Fifth Circuit's resources. It could even lead to unfortunate and mistaken perceptions that this Court had pressed forward to a final judgment on the merits for the purpose of rendering the *en banc* proceedings in Case No. 23-10994 moot. *See Abbott*, 92 F.4th at 575 (trial proceedings expedited "in an obvious and transparent attempt to thwart our *en banc* proceedings") (Ho, J., dissenting).

It is also possible that this Court could proceed to try this case on the merits in February 2026, but then take the case under advisement and not render a decision in this case and enter a final judgment until *after* the *en banc* Fifth Circuit rules in Case No. 23-10994. In that event, the Parties would have been required unnecessarily to prepare for trial and to try the case without knowledge of the applicable law of the case. Moreover, the February 2026 trial would not have significantly advanced the date of final judgment.

All of the above circumstances flowing from the *en banc* Fifth Circuit's October 27 decision—over which neither the Parties nor this Court had any control—provide good cause for the modification of the Amended Scheduling Order.

## B. **The Parties and Counsel are Required to Devote Significant Time and Effort to Briefing and Arguing the *En Banc* Appeal at the Same Time They Must Prepare for Trial.**

Since the Court entered its Scheduling Order on October 8, 2025, the time demands on the Parties and Counsel have significantly increased during the limited period available for discovery and pre-trial preparation. Plaintiff and its counsel must prepare and file a supplemental brief in Case No. 23-10994 by November 24. Defendants and their counsel must prepare and file a supplemental brief in Case No. 23-10994 by December 22, during the heart of the remaining discovery period ending on December 26.

Under the Amended Scheduling Order, all Parties must prepare for and conduct oral argument before the *en banc* Fifth Circuit during the period of most intense pretrial activity. Under the Amended Scheduling Order, dispositive motions are due January 2, with responses due seven days later. Pretrial Disclosures and Pretrial Objections are due by January 9 and 16, respectively. During the same week of January 23 that *en banc* oral argument is scheduled in Case No. 23-10994, the Amended Scheduling Order requires the Parties to file the Pretrial Order, Witness Lists, Exhibit Lists (and Exchange of Exhibits), and Deposition Designations. The Pretrial Conference is scheduled for the following Tuesday, January 27.

The Parties and their counsel respectfully suggest that the combination of the requirements of the Amended Scheduling Order and the requirements of the *en banc* Fifth Circuit in Case No. 23-10994 during the next ninety days constitute good cause for modification of the Amended Scheduling Order. Allowing the parties adequate time to focus on *en banc* briefing and argument will serve the interests of justice. Not only will it serve the interests of ensuring the parties present helpful and thorough briefing to the *en banc* Fifth Circuit, it will also ensure the parties can devote the time necessary to complete discovery and complete pre-trial obligations to help this Court try the issues. *See Abbott*, 92 F.4th at 574 (observing that when Fifth Circuit *en banc* review conflicts with an expedited trial, "[p]rompt resolution, while important, cannot come at the expense of *painstaking* resolution.") (Willett, J., concurring); *id.* at 571 (opining that the district court abused its discretion in setting an expedited trial pending *en banc* review, explaining, "if the district court thought that going to trial during en banc briefing by the parties and preparation by this court's judges somehow expedites ultimate resolution of this case, it makes no sense.") (Jones, J., concurring).

C. **The Parties' Counsel have Significant Additional Conflicting Obligations in the Immediate Future.**

This case, whether in this Court or the Fifth Circuit, is not the only source of significant obligations of counsel for the Parties in the next ninety days. Counsel for both Plaintiff and Defendants have substantial obligations to other clients during that period that they believe are

inconsistent with the requirements of the Amended Scheduling Order. A summary of these obligations is as follows:

1. **Plaintiff's Counsel** – Plaintiff's lead attorney, Mr. Morris, is counsel of record in *Villarreal v. Alaniz*, No. 25-29, in the Supreme Court of the United States. Mr. Morris will have primary responsibility for drafting and filing a reply in support of a petition for certiorari on or around November 21, 2025, days before Plaintiff's *en banc* brief is due at the Fifth Circuit. Mr. Morris will also be responsible for presenting *en banc* argument at the Fifth Circuit in Case No. 23-10994 on January 23 in New Orleans.

Plaintiff's counsel of record Mr. Fitzpatrick and Mr. Zeman are scheduled for a January 2026 jury trial in *I.P. v. Tullahoma City Schools*, Case No. 4:23-cv-26, in the Eastern District of Tennessee. The pre-trial conference is set for December 30, 2025. Trial is set to start January 13, 2026, and expected to last no fewer than three days. Mr. Fitzpatrick also is lead attorney in *Stanford Daily v. Rubio*, Case No. 5:25-cv-06618, in the United States District Court for the Northern District of California. On November 19, he will be arguing at an in-person hearing in that case on cross-motions for summary judgment involving First Amendment issues of first impression.

Plaintiff's counsel of record Mr. Steinbaugh is scheduled for a medical procedure in January, 2026, which will require him to take time off from work.

2. **Defendants' Counsel** - Defendants' counsel Mr. Bryant is attorney-in-charge, and Ms. Al-Fuhaid is counsel of record, for Plaintiff State of Texas in *State of Texas v. U.S. Department of Homeland Security, et al.*, Case No. 2:23-cv-55-AM in the United States District Court for the Western District of Texas. See *Texas v. U.S. Dept. of Homeland Security*, 123 F.4th 186 (5th Cir. 2024). The District Court has scheduled a Docket Call in that case for December 2025. The State of Texas expects to request at that time that the Court schedule that case for bench trial or a final hearing.

Defendants' counsel Mr. Bryant also is attorney-in-charge, and Ms. Al-Fuhaid is counsel of record, for Defendants Governor Greg Abbott, Attorney General Ken Paxton, Acting

Comptroller of Public Accounts Kelly Hancock, Commissioner Dr. Jennifer Shuford of the Texas Department of State Health Services, and Phil Sorrells, District Attorney of Tarrant County, in *Vapor Technology Ass'n, et al. v. Hancock, et al.,* Case No. 4:25-cv-3955 in the United States District Court for the Southern District of Texas. Plaintiffs filed this case on August 20, 2025, and moved for a preliminary injunction against enforcement by Defendants of a 2025 Texas statute prohibiting sales in Texas of vaping products partially or wholly manufactured in China or other foreign adversaries of the United States. Plaintiffs challenge the Texas statute under the Foreign Commerce Clause of the United States Constitution, and seek to amend to add a First Amendment challenge. Defendants moved to dismiss for lack of subject matter jurisdiction. The District Court has scheduled a hearing on those motions to dismiss and a motion to amend on November 18. If the Court denies any of the motions to dismiss, the Court likely will be asked by Plaintiffs to hear the motion for preliminary injunction as soon as practicable.

Defendants' Counsel Mr. Bryant and Ms. Al-Fuhaid are attorneys of record for Appellants Governor Greg Abbott, Director Freeman Martin of the Texas Department of Public Safety, and the State of Texas in *United States v. Texas*, Case No.-24-50149 in the Fifth Circuit Court of Appeals. The Fifth Circuit on August 29, 2025, granted Appellants' petition for rehearing *en banc* and vacated the earlier panel opinion. *United States v. Texas*, 150 F.4th 656 (5th Cir. 2025) (panel opinion at 144 F.4th 632 (July 3, 2025)). The Fifth Circuit has scheduled oral argument to the *en banc* Fifth Circuit in that case on January 22, 2026, the day before Case No. 23-10994 is scheduled for *en banc* oral argument.

**D. The Amended Scheduling Order Should be Modified to Provide for Trial and at Least Some Discovery *After* the *En Banc* Fifth Circuit Ruling.**

The Parties believe there is ample good cause to modify the Amended Scheduling Order, but recognize that trial and pretrial scheduling are matters that are within this Court's broad discretion. The Parties therefore do not presume to tell the Corrt specifically how they believe the Amended Scheduling Order should be modified. However, the Parties believe the key elements of modification are that:

1) This case should be tried on the merits, and there should be an opportunity for dispositive motions, *after* the Fifth Circuit renders its *en banc* decision in Case No. 23-10994; and

2) There should be at least some modest opportunity for discovery by the Parties *after* the Fifth Circuit renders its *en banc* decision in Case No. 23-10994, although the parties intend to continue conducting discovery while the *en banc* proceedings are pending.

To that end, the Parties suggest three alternative modifications to the scheduling order:

a) Trial, pre-trial, and dispositive motion deadlines are stayed pending final resolution of Case No. 23-10994. The parties may continue conducting discovery, and have 30 days after resolution of Plaintiff's appeal for discovery on any new issues raised by the resolution of Plaintiff's appeal;

—OR—

b) All current deadlines are stayed pending final resolution of Case No. 23-10994;

—OR—

c) All deadlines in the Amended Scheduling Order are extended by 90 days.

The Parties appreciate the Court's consideration of this Joint Motion and respectfully ask that the Court modify the Amended Scheduling Order as it deems appropriate.

Date: November 3, 2025

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

RYAN D. WALTERS
Deputy Attorney General for Legal Strategy

RYAN G. KERCHER
Chief, Special Litigation Division

/s/ David Bryant
DAVID BRYANT
Senior Special Counsel
Tex. State Bar No. 03281500

MUNERA AL-FUHAID
Special Counsel
Tex. State Bar No. 24094501

ZACHARY BERG
Special Counsel
Tex. State Bar No. 24107706

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2120
Fax: (512) 320-0667
david.bryant@oag.texas.gov
munera.al-fuhaid@oag.texas.gov
zachary.berg@oag.texas.gov

**Counsel for Defendants**

_____
WALTER WENDLER
**Defendant**

_____
CHRISTOPHER THOMAS
**Defendant**

Respectfully submitted.

/s/ JT Morris
_____
JT Morris
TX Bar No. 24094444
Conor T. Fitzpatrick*
MI Bar No. P78981
Foundation for Individual Rights
and Expression
700 Pennsylvania Ave., SE; Ste. 340
Washington, DC 20003
Tel: (215) 717-3473
Fax: (267) 573-3073
jt.morris@thefire.org
conor.fitzpatrick@thefire.org

Adam B. Steinbaugh*
CA Bar No. 304829
Jeffrey D. Zeman*
MI Bar No. P76610
FOUNDATION FOR INDIVIDUAL RIGHTS
    AND EXPRESSION
510 Walnut St.; Ste. 900
Philadelphia, PA 19106
Tel: (215) 717-3473
Fax: (267) 573-3073
adam@thefire.org
jeff.zeman@thefire.org

* Admitted _Pro Hac Vice_

**Counsel for Plaintiff**

_____
JOHNATHAN-JAYCE FANELLI
PRESIDENT, SPECTRUM WT
**Plaintiff**

9

Date: October 31, 2025

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

RYAN D. WALTERS
Deputy Attorney General for Legal Strategy

RYAN G. KERCHER
Chief, Special Litigation Division

/s/ David Bryant
DAVID BRYANT
Special Counsel
Tex. State Bar No. 03281500

MUNERA AL-FUHAID
Special Counsel
Tex. State Bar No. 24094501

ZACHARY BERG
Special Counsel
Tex. State Bar No. 24107706

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2120
Fax: (512) 320-0667
david.bryant@oag.texas.gov
munera.al-fuhaid@oag.texas.gov
zachary.berg@oag.texas.gov

**Counsel for Defendants**

_____
WALTER WENDLER
**Defendant**

_____
CHRISTOPHER THOMAS
**Defendant**

Respectfully submitted.

/s/ JT Morris
JT Morris
TX Bar No. 24094444
Conor T. Fitzpatrick*
MI Bar No. P78981
Foundation for Individual Rights
and Expression
700 Pennsylvania Ave., SE; Ste. 340
Washington, DC 20003
Tel: (215) 717-3473
Fax: (267) 573-3073
jt.morris@thefire.org
conor.fitzpatrick@thefire.org

Adam B. Steinbaugh*
CA Bar No. 304829
Jeffrey D. Zeman*
MI Bar No. P76610
FOUNDATION FOR INDIVIDUAL RIGHTS
    AND EXPRESSION
510 Walnut St.; Ste. 900
Philadelphia, PA 19106
Tel: (215) 717-3473
Fax: (267) 573-3073
adam@thefire.org
jeff.zeman@thefire.org

* Admitted *Pro Hac Vice*

**Counsel for Plaintiff**

_____
JOHNATHAN-JAYCE FANELLI
PRESIDENT, SPECTRUM WT
**Plaintiff**

9

Date: November 3, 2025

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

RYAN D. WALTERS
Deputy Attorney General for Legal Strategy

RYAN G. KERCHER
Chief, Special Litigation Division

/s/ David Bryant
DAVID BRYANT
Senior Special Counsel
Tex. State Bar No. 03281500

MUNERA AL-FUHAID
Special Counsel
Tex. State Bar No. 24094501

ZACHARY BERG
Special Counsel
Tex. State Bar No. 24107706

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2120
Fax: (512) 320-0667
david.bryant@oag.texas.gov
munera.al-fuhaid@oag.texas.gov
zachary.berg@oag.texas.gov

Counsel for Defendants

WALTER WENDLER
Defendant

CHRISTOPHER THOMAS
Defendant

Respectfully submitted.

/s/ JT Morris
JT Morris
TX Bar No. 24094444
Conor T. Fitzpatrick*
MI Bar No. P78981
Foundation for Individual Rights
and Expression
700 Pennsylvania Ave., SE; Ste. 340
Washington, DC 20003
Tel: (215) 717-3473
Fax: (267) 573-3073
jt.morris@thefire.org
conor.fitzpatrick@thefire.org

Adam B. Steinbaugh*
CA Bar No. 304829
Jeffrey D. Zeman*
MI Bar No. P76610
FOUNDATION FOR INDIVIDUAL RIGHTS
AND EXPRESSION
510 Walnut St.; Ste. 900
Philadelphia, PA 19106
Tel: (215) 717-3473
Fax: (267) 573-3073
adam@thefire.org
jeff.zeman@thefire.org

* Admitted Pro Hac Vice

Counsel for Plaintiff

JOHNATHAN-JAYCE FANELLI
PRESIDENT, SPECTRUM WT
Plaintiff

9

Date: November 3, 2025

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

RYAN D. WALTERS
Deputy Attorney General for Legal Strategy

RYAN G. KERCHER
Chief, Special Litigation Division

/s/ *David Bryant*
DAVID BRYANT
Senior Special Counsel
Tex. State Bar No. 03281500

MUNERA AL-FUHAID
Special Counsel
Tex. State Bar No. 24094501

ZACHARY BERG
Special Counsel
Tex. State Bar No. 24107706

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC-009)
Austin, Texas 78711-2548
Tel.: (512) 463-2120
Fax: (512) 320-0667
david.bryant@oag.texas.gov
munera.al-fuhaid@oag.texas.gov
zachary.berg@oag.texas.gov

**Counsel for Defendants**

WALTER WENDLER
*Defendant*

CHRISTOPHER THOMAS
*Defendant*

Respectfully submitted.

/s/ *JT Morris*
JT Morris
TX Bar No. 24094444
Conor T. Fitzpatrick*
MI Bar No. P78981
Foundation for Individual Rights
and Expression
700 Pennsylvania Ave., SE; Ste. 340
Washington, DC 20003
Tel: (215) 717-3473
Fax: (267) 573-3073
jt.morris@thefire.org
conor.fitzpatrick@thefire.org

Adam B. Steinbaugh*
CA Bar No. 304829
Jeffrey D. Zeman*
MI Bar No. P76610
FOUNDATION FOR INDIVIDUAL RIGHTS
AND EXPRESSION
510 Walnut St.; Ste. 900
Philadelphia, PA 19106
Tel: (215) 717-3473
Fax: (267) 573-3073
adam@thefire.org
jeff.zeman@thefire.org

* Admitted *Pro Hac Vice*

**Counsel for Plaintiff**

JOHNATHAN-JAYCE FANELLI
PRESIDENT, SPECTRUM WT
*Plaintiff*

9

**CERTIFICATE OF SERVICE**

       I hereby certify that on November 3, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to all registered CM/ECF users.

/S/ David Bryant
DAVID BRYANT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| SPECTRUM WT, *et al.*,<br>                    *Plaintiffs*,<br>v.<br>WALTER WENDLER, *et al.*,<br>                    *Defendants*. | No. 2:23-cv-00048-Z<br><br>**Hon. Matthew J. Kacsmaryk** |

**[PROPOSED] MODIFICATION OF
AMENDED CIVIL SCHEDULING ORDER**

Plaintiff Spectrum WT ("Plaintiff") and Defendants Walter Wendler and Christopher Thomas, in their official capacities ("Defendants") (together, the "Parties"), filed a Joint Motion for Modification of Amended Scheduling Order (ECF No. 123) and the Court, having considered the same, determines that there is good cause for modification of the Amended Civil Scheduling Order (ECF No. 122). It is therefore

**ORDERED** that the Amended Civil Scheduling Order (ECF No. 122) be and it is hereby modified as follows:

1. The date for Completion of Discovery (¶ 16) is modified to provide: "Thirty (30) days after final resolution of Case No. 23-10994 now pending in the Fifth Circuit Court of Appeals."

2. All other dates set forth in the Amended Civil Scheduling Order after December 26, 2025, are extended for a like period after a date thirty (30) days after final resolution of Case No. 23-10994 now pending in the Fifth Circuit Court of Appeals. For example, the date in the Amended Civil Scheduling Order for the Parties to make Pretrial Disclosures (¶ 22) is January 9, 2026, fourteen days after the date of December 26, 2025, for Completion of Discovery (¶ 16) in the Amended Civil Scheduling Order. The

1

date for the Parties to make Pretrial Disclosures therefore is modified to a date fourteen days after the modified date for Completion of Discovery set forth in Paragraph 1 above

3.  The parties may continue discovery during all periods prior to the modified date for Completion of Discovery, unless otherwise ordered by this Court.

4.  Except as modified above, the Amended Civil Scheduling Order remains in full force and effect.


Signed this _____ day of November 2025.


_____
        MATTHEW J. KACSMARYK
        UNITED STATES DISTRICT JUDGE

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

SPECTRUM WT,

      Plaintiff,

v.

2:23-CV-048-Z

WALTER WENDLER, *et al.*,

      Defendants.

## ORDER

Before the Court is Plaintiff Spectrum WT and Defendants Walter Wendler and Christopher Thomas's Joint Motion for Modification of Amended Scheduling Order ("Joint Motion"), filed November 3, 2025. ECF No. 124. For the following reasons, the Joint Motion is **DENIED**.

### BACKGROUND

Following entry of the Court's Amended Scheduling Order (ECF No. 122) on October 28, 2025, the parties filed this Joint Motion seeking modification of the Court's Amended Scheduling Order pursuant to Federal Rule of Civil Procedure 16(b)(4) and Northern District of Texas Local Rule 40.1. ECF No. 124 at 1. The parties believe good cause for modification exists for three reasons. First, the parties argue that "[t]he *en banc* rulings of the Fifth Circuit in Case No. 23-10994 likely will provide the applicable 'law of the case' for the trial on the merits." *Id.* at 3. Relatedly, the parties express concern that if a final judgment is entered "by this Court before the *en banc* decision is entered by the Fifth Circuit," this could render Plaintiff's interlocutory appeal moot. *Id.* Second, the parties "respectfully suggest that the combination of the requirements of the Amended Scheduling Order and the requirements of the *en banc* Fifth Circuit in Case No. 23-10994 during the next ninety days constitute good cause for modification of the Amended Scheduling Order." *Id.* at 5. Third, the parties note

that counsel "for both Plaintiff and Defendants have substantial obligations to other clients during [the next ninety days] that they believe are inconsistent with the requirements of the Amended Scheduling Order." *Id.* at 5–6.

## LEGAL STANDARD

Federal Rule of Civil Procedure 16(b)(4) permits a court to modify a scheduling order for good cause and with the judge's consent. FED. R. CIV. P. 16(b)(4). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters., L.L.C. v. S. Tr. Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)). Whether a party has met the good cause standard of Rule 16(b)(4) is "an issue committed to the Court's 'sound discretion.'" *Pruneda v. Bexar Cnty.*, No. SA-22-CV-104, 2024 WL 3934209, at \*4 (W.D. Tex. July 29, 2024) (quoting *S&W Enters.*, 315 F.3d at 537).

## ANALYSIS

### I. Joint Motion

The parties state that they "share the Court's wish to proceed to a bench trial in this case at the earliest practicable date." ECF No. 124 at 1. "However," they write, the Fifth Circuit's decision to grant *en banc* rehearing of Plaintiff's interlocutory appeal creates "good cause" to modify the Amended Scheduling Order because "the *en banc* rulings of law of the Fifth Circuit in Case No. 23-10994 likely will provide the applicable 'law of the case' for the trial on the merits." *Id.* at 1, 3. For support, the parties rely on *United States v. Abbott*, 92 F.4th 570, 572 n.2 (5th Cir. 2024) (Willett, J., concurring) ("Just to be clear, any conclusions of law made by an *en banc* court on appeal from a preliminary injunction are binding on the trial court in a subsequent trial on the merits.").

That reliance is misplaced. In *Abbott*, the United States sued Texas in the Western District of Texas, asking the court to order the removal of a floating barrier Texas had installed in the Rio Grande River to prevent illegal border crossings. 92 F.4th at 571 (Willett, J., concurring). "The district court granted a preliminary injunction in favor of the United States, ordering Texas to cease any work on the floating barrier and to reposition it on the Texas side of the riverbank." *Id.* "Over a dissent, a panel of this court affirmed the district court's preliminary injunction." *Id.* Then, a mere two days after the Fifth Circuit granted rehearing *en banc*, vacating the panel opinion and staying the preliminary injunction pending appeal, the district court held a status conference with trial counsel. *Id.* The district court wanted to try the case "soon, very soon," and set trial for just two months later. *Id.* These "questionable" actions evinced a clear desire to end-run the Fifth Circuit's *en banc* proceedings in order to enter a permanent injunction against Texas—even as the preliminary injunction remained stayed on appeal. *Id.* at 573; *see also id.* at 576 (Ho, J., dissenting) (describing the district court's actions as a "transparent effort to moot our en banc proceedings").

The posture of this case is exactly the opposite of *Abbott*. In *Abbott*, the district court accelerated trial on the merits to *thwart* appellate review by the *en banc* Fifth Circuit. Here, the Court has set an expedited schedule in order to *facilitate* Fifth Circuit review. *See, e.g.*, *Mayor of Baltimore v. Azar*, 973 F.3d 258, 266 (4th Cir. 2020) ("In these consolidated appeals, we address the propriety of the district court's preliminary and permanent injunctions. The district court first issued a preliminary injunction, and the Government appealed. While the appeal of the preliminary injunction was pending and after discovery, the district court issued a permanent injunction, and the Government appealed from that judgment as well. We

consolidated the appeals, and a majority of the full court voted to hear both cases en banc." (citation modified)).

As the parties and this Court have already discussed *ad nauseam*, very limited discovery took place in the six months between the Complaint (March 2023) and the Memorandum Opinion and Order (September 21, 2023). This is because Plaintiff made two crucial decisions when deciding how to litigate this case. First, Plaintiff initially sought a temporary restraining order, which later converted to a preliminary injunction. *See* ECF Nos. 8, 30. This meant the parties had few opportunities to pursue discovery or otherwise develop this case's factual record. Second, Plaintiff filed an interlocutory appeal of this Court's denial of the preliminary injunction rather than allow this case to proceed to final judgment. *See* ECF No. 124 at 2 ("Before the case was reopened, the parties' discovery was limited to the exchange of initial disclosures. Despite this, the Parties actively litigated in 2023 the Plaintiffs' motions for a temporary restraining order and preliminary injunction. This culminated in this Court's Memorandum Opinion and Order dated September 21, 2023 . . . ."). Even on rehearing *en banc*, the record before the Fifth Circuit remains essentially unchanged, even though two years have passed since Plaintiff filed its interlocutory appeal. By moving expeditiously to a bench trial in early 2026, the Court will provide the full Fifth Circuit with a more complete record on appeal—exactly the opposite of *Abbott*, where the district court rushed to trial to *frustrate* appellate review. It is well within this Court's power to do this. *See, e.g.*, *Abbott*, 92 F.4th at 574–75 (Douglas, J., concurring) (noting that a district court may "expedite trial on the merits to 'provide a complete and full factual as well as legal record' for both [the Fifth Circuit] and the Supreme Court to review, if necessary").

Lastly, by its own terms, *Abbott* does not apply to this case. Judge Willett's concurrence makes clear that "the district court has jurisdiction to proceed to trial while we

review *en banc* the factual, historical, and legal issues on appeal from the preliminary injunction." *Abbott*, 92 F.4th at 573 (Willett, J., concurring); *see also Satanic Temple Inc. v. Tex. Health & Human Servs. Comm'n*, 79 F.4th 512, 514 (5th Cir. 2023) ("An appeal from a grant or denial of a preliminary injunction does not inherently divest the district court of jurisdiction or otherwise restrain it from taking other steps in the litigation." (citing *Ry. Lab. Execs.' Ass'n v. City of Galveston ex rel. The Bd. of Trs. of the Galveston Wharves*, 898 F.2d 481, 481 (5th Cir. 1990))); *United States v. Lynd*, 321 F.2d 26, 28 (5th Cir. 1963) (per curiam) ("[A]n appeal from the denial or granting of a preliminary injunction should not ordinarily delay the final trial of the case on its merits."). Judge Willett describes a district court's power to proceed on the merits as "critical[]." *Abbott*, 92 F.4th at 573. And he notes that "the district court's decision to expedite trial, despite our impending *en banc* rehearing, is within its jurisdiction, does not tread on the dominion of other branches of government, and will not permanently close our courthouse doors to the parties." *Id.* at 574. Even in the footnote the parties quote in their Joint Motion, Judge Willett wrote only that "any conclusions of law made by an *en banc* court on appeal from a preliminary injunction are binding on the district court in a *subsequent* trial on the merits." *Abbott*, 92 F.4th at 572 n.2 (Willett, J., concurring) (emphasis added). Here, by contrast, the Court intends to hold a trial on the merits *before* the *en banc* Fifth Circuit has made any conclusions of law. This accelerated schedule will provide the Fifth Circuit a more robust record on appeal, replete with findings of fact and conclusions of law based on discovery scheduled to close well in advance of the Fifth Circuit's rehearing *en banc*.

## II. Second Amended Scheduling Order

For the above reasons, the Court declines to stay or otherwise extend the deadlines currently governing this case. However, the Court notes the parties' concerns about the

current Amended Scheduling Order presenting potential conflicts with Christmas and other end-of-year holidays. *See, e.g.*, ECF No. 124 at 2 ("The Court entered its initial Scheduling Order on October 8, 2025. (ECF No. 120). That Scheduling Order provides for completion of discovery by December 26, 2025, the day after Christmas."). The parties have also worked diligently in conducting discovery in this case since the Court issued its initial Scheduling Order in early October. *See id.* at 2–3 ("The Parties have commenced discovery. Plaintiff has served on Defendants Wendler and Thomas two sets of Rule 34 Requests for Production of Documents and two sets of Interrogatories. Defendants have served on Plaintiff a Rule 34 Request for Production of Documents, a set of Interrogatories, and a set of Requests for Admissions."). Lastly, the Fifth Circuit recently issued an opinion in *Woodlands Pride, Inc. v. Paxton*, in which it vacated an injunction against the Texas law known as S.B. 12. *Compare* 2025 WL 3096979, at *7 n.9 (5th Cir. Nov. 6, 2025) ("We have genuine doubt, however, that pulsing prosthetic breasts in front of people, putting prosthetic breasts in people's faces, and being spanked by audience members are actually constitutionally protected—especially in the presence of minors."), *with Spectrum WT v. Wendler*, 693 F. Supp. 3d 689, 698 (N.D. Tex. 2023) ("But the newer cases retained older rules relevant to protests, forums, time, place, and manner—plus an important outer limit on 'expressive conduct,' especially *sexualized* 'expressive conduct': When children are involved, the calculation changes.").

All of these developments may help to streamline this case. Accordingly, the Court will issue a Second Amended Scheduling Order, which will consolidate several deadlines and shifts other deadlines away from Christmas, New Year's Eve, and New Year's Day.

CONCLUSION

For the foregoing reasons, the Joint Motion is **DENIED**. The Court will issue a Second

Amended Scheduling Order that reflects the new deadlines governing this case.

**SO ORDERED**.

November 10, 2025

_____

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

SPECTRUM WT,

      Plaintiff,

v.

WALTER WENDLER, *et al.*,

      Defendants.

2:23-CV-048-Z

### SECOND AMENDED CIVIL SCHEDULING ORDER

**1.** This case has been pending since March 2023. Because the parties worked diligently via pre-trial briefing, the Status Conference, and the Joint Proposed Scheduling Order, relatively few factual issues remain that require in-depth discovery. *See* ECF No. 119 at 6–7. Further, the Fifth Circuit recently issued an Order vacating its panel opinion dated August 18, 2025, and scheduling the interlocutory appeal in this case for en banc rehearing. To bring this matter to a swift resolution, the Court issues this Second Amended Scheduling Order.

This case is set for trial on this Court's three-week civil trial docket beginning **Wednesday, January 14, 2026, at 10:00 a.m. (CST)**. Counsel and parties must be ready for trial on three days' notice at any time during this three-week period, unless the Court orders otherwise. The trial date will not be postponed or continued except on written motion establishing exceptional circumstances and in compliance with Local Rule 40.1.

**2. Counsel and their staff are directed to read this Order before contacting the Court, as it contains basic instructions that address many inquiries received by the Court.**

### SUMMARY OF IMPORTANT DEADLINES AND DATES

| | |
|---|---|
| Joinder of Parties (¶ 6) | Friday, October 24, 2025 (passed) |
| Amendment of Pleadings (¶ 7) | Friday, October 24, 2025 (passed) |
| Initial Expert Designation & Report (Plaintiff and Defendant) (¶ 9) | Friday, November 7, 2025 (passed) |
| Responsive Expert Designation & Report (¶ 10) | Friday, November 21, 2025 |
| Rebuttal Expert Designation (¶ 11) | Wednesday, November 26, 2025 |
| Expert Objections (¶ 12) | Friday, December 5, 2025 |
| Completion of Discovery (¶ 16) | Friday, December 19, 2025 |
| Consent Decree (¶ 21) | Tuesday, December 30, 2025 |
| Dispositive Motions (¶ 13) | Tuesday, December 30, 2025 |
| Pretrial Disclosures (¶ 22) | Wednesday, January 7, 2026 |
| Pretrial Objections (¶ 23) | Wednesday, January 7, 2026 |
| Motions in Limine (¶ 24) | Wednesday, January 7, 2026 |
| Pretrial Order – *Pretrial Materials* (¶ 26) | Wednesday, January 7, 2026 |
| Witness List – *Pretrial Materials* (¶ 27) | Wednesday, January 7, 2026 |
| Exhibit List and Deposition-Testimony Designations – *Pretrial Materials* (¶ 28) | Wednesday, January 7, 2026 |
| Exchange of Exhibits (¶ 29) | Wednesday, January 7, 2026 |
| **Pretrial Conference (¶ 30)** | **Friday, January 9, 2026 at 10:00 a.m. (CST)** |
| Trial Brief (¶ 31) | Monday, January 12, 2026 |
| Trial Binder (¶ 32) | Monday, January 12, 2026 |
| Daily Synopses and Pretrial Joint Exhibit List (¶ 34) | Tuesday, January 13, 2026 |
| **Trial Date (¶ 1)** | **Wednesday, January 14, 2026 at 10:00 a.m. (CST)** |

### GENERAL INSTRUCTIONS AND INITIAL DEADLINES

**3. Compliance with this Order:** Counsel and the parties are expected to comply fully with this Order. Failure to comply will cause the Court to consider the entire range of sanctions available.

**4. Modification of Scheduling Order:** Pursuant to Federal Rule of Civil Procedure 16(b) and the local rules of this Court, the Court finds that the following schedule should govern the disposition of this case unless it is modified by the Court upon a showing of good

cause and by leave of court. FED. R. CIV. P. 16(b)(4). Conclusory statements will not suffice to show good cause—even if the motion is agreed or unopposed. Parties must observe all limitations and requirements of the Federal Rules of Civil Procedure and this Court's local rules unless otherwise ordered. The Court assumes parties thoroughly discussed scheduling issues prior to submitting their proposed scheduling order (ECF No. 119) and that the parties understand the deadlines imposed in this order are firmly in place, absent the Court's intervention.

**5. Formatting and Citations:** All briefs filed with the Court shall comply with the most recent editions of: (1) The Bluebook: A Uniform System of Citation; and (2) the Greenbook: Texas Rules of Form. Specifically, counsel is directed to provide, where applicable, the subsections of cited statutes and pinpoint case citations, i.e., provide the page where the stated legal proposition can be found. *See* THE BLUEBOOK: A UNIFORM SYSTEM OF CITATION R. B10.1.2, at 13 (Columbia L. Rev. Ass'n et al. eds., 22nd ed. 2025) (regarding pinpoint citations); *id.* R. 3.3(a), at 76 (regarding subsections). Furthermore, if a brief contains citations to unpublished opinions or to slip-copy versions only available on Westlaw or Lexis, counsel must attach copies of those cases to the brief.

**6. Joinder of Parties (passed):** By **Friday, October 24, 2025**, all motions requesting joinder of additional parties shall be filed. Except when parties are joined by amendment, parties may be joined only upon motion to the Court.

**7. Amendment of Pleadings (passed):** By **Friday, October 24, 2025**, amendments of pleadings shall be filed. Motions for leave to amend need not be filed so long as the amendment is filed within the deadline set in this paragraph. Parties are permitted one amendment before leave of court is required. The amending party shall attach a redlined version of the amended complaint specifying any changes. The deadline to file a response to

an amended pleading is **twenty-one (21) days** after the date the amended pleading is filed, notwithstanding expiration of the amended-pleading deadline.

**8. Stays and Administrative Closure:** Administrative closure of a civil case terminates all pending motions unless the parties request that any or all pending motions revive with reopening. Any motion for stay **must include a request specific to each pending motion**. If requested, the Court will instruct the Clerk of the Court not to terminate each requested motion.

### EXPERT WITNESSES

**9. Initial Designation of Experts (passed)**: Unless otherwise stipulated or directed by Court order, the party with the burden of proof on the issue subject to the expert designation shall file a written designation of the name and address of each expert witness who will testify at trial for that party and shall otherwise comply with Rule 26(a)(2) on or before **Friday, November 7, 2025**. Each designation must contain a brief statement of the subject matter to be covered by each expert witness and include as an exhibit any relevant resume and/or curriculum vitae for each proposed expert witness. Changing a witness's status during trial—from expert to fact witness—constitutes a significant alteration and will not be permitted. *See, e.g., Downey v. Denton Cnty.*, 119 F.3d 381, 386 (5th Cir. 1997) (holding that the changing of a witness's designation at trial came too late). Each designation must contain a brief statement of the subject matter to be covered by each expert witness and include as an exhibit any relevant resume and/or curriculum vitae for each proposed expert witness.

**10. Responsive Designation of Experts**: Each party without the burden of proof on the issue subject to expert designation must file a written designation of the name and

4

address of each expert witness who will testify at trial for that party and must otherwise comply with Rule 26(a)(2) on or before **Friday, November 21, 2025**.

**11. Rebuttal Experts**: If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), the disclosures required under Rule 26(a)(2) must be made within thirty (30) days after the disclosure made by the other party and no later than **Wednesday, November 26, 2025**.

**12. Expert Objections**: Objections to the qualifications or competency of experts—sometimes referred to as *Daubert* motions—must be made in a written motion filed by **Friday, December 5, 2025**. If a party does not meet the deadline for making a challenge to expert designations, the motion is untimely and waived unless the movant shows "good cause" for the delay.

### DISPOSITIVE MOTIONS

**13.** All motions that would dispose of all or any part of this case, including motions for summary judgment, must be filed by **Tuesday, December 30, 2025**. Any dispositive motion must be accompanied by a separately filed brief, and the motion and the brief may not exceed fifty (50) pages in total length, excluding any table of contents and table of authorities. *See* Local Rules 56.3, 56.5 (regarding summary judgment requirements). Responses to dispositive motions shall be filed **within seven (7) days of the date of the filing of the motion, and replies shall be filed within four (4) days of the response**.

In a separate section at the beginning of the brief, the party filing a dispositive motion must identify the live pleadings for each party who has appeared in the action and specify the name of each pleading, the date it was filed, and the pleadings' document numbers on the Court's docket. Neither a dispositive motion nor the brief in support may be combined in one

document with a party's answer. If a dispositive motion becomes moot for any reason, the moving party must notify the Court within **three business days**.

**Additionally, any brief supporting or responding to a motion for summary judgment must be accompanied by and include citations to a separately-filed appendix of evidence sufficient to support a reasonable jury finding on any relevant jurisdictional facts**, and such brief must directly (1) state whether the filing party invokes or opposes subject-matter jurisdiction of this Court and (2) address the questions of fact and law that pertain to subject-matter jurisdiction in this case. *See, e.g.,* *Megalomedia Inc. v. Phila. Indem. Ins. Co.*, 115 F.4th 657 (5th Cir. 2024) (noting that at the pleading state, the appropriate party must invoke the subject-matter jurisdiction of the court with distinct, affirmative allegations "required at the successive stages of the litigation").

14. **Dispositive Motion Evidence:** Any affidavits, depositions, written discovery materials, or other summary-judgment evidence must be included in a separate appendix. The appendix must be numbered sequentially from the first page through the last and include an index of all documents included. An envelope that contains a nondocumentary or oversized exhibit must be numbered as if it were a single page. *See* Local Rule 56.6. The moving party must bracket in the margin of each document in the appendix the portions of the document on which the movant relies, and, when citing record materials in its brief, the moving party must support each assertion by citing each relevant page of its appendix.

15. **Number of Dispositive Motions:** No party may file more than one motion for summary judgment without leave of court. *See* Local Rule 56.2(b). Except as provided in the Court's briefing order, no supplemental pleadings, briefs, summary-judgment evidence, or other documents will be allowed in connection with the motion for summary judgment or response without leave of court. *See* Local Rule 56.7. Cross-motions for summary judgment

must not, except in extraordinary circumstances, be permitted to be filed after the dispositive-motion deadline.

### DISCOVERY

**16. Completion of Discovery:** By **Friday, December 19, 2025**, all discovery must be completed. The Court expects the parties to work in good faith to resolve discovery disputes.

**17. Motion to Compel Discovery or Protective Order:** Any motion to compel discovery or for a protective order must be filed by **seven (7) days** after the discovery response at issue was served or due to be served. Any other motions that are related to discovery but do not seek to compel or avoid uncompleted depositions, service of discovery responses, or production of documents or electronically stored information ("ESI") must be filed by **seven (7) days** after the discovery response at issue was served or due to be served.

**18. Motion to Quash or Protective Order Relating to Deposition:** Any motion to quash or for protective order relating to a deposition that is filed less than **five (5) business days** before the scheduled or noticed date of the deposition will be summarily denied unless, on proper motion, the Court grants leave for the motion to be filed based on a showing of extraordinary or extenuating circumstances that prevented the requested relief from being presented to the Court at an earlier date.

**19. Attorney-Client Privilege and Work-Product Protection:** Further, in accordance with Federal Rule of Evidence 502(d), any attorney-client privilege or work-product protection will not be waived by disclosure in connection with this case, and the production of privileged or work-product protected documents, ESI, or information— whether inadvertent or otherwise—is not a waiver of the privilege or work-product protection in this case or in any other federal or state proceeding. This order will be interpreted to

provide the maximum protection allowed by Rule 502(d), but nothing contained in this order is intended to or will serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and segregation of privileged and protected information.

Under Rule 26(b)(5)(B), if information produced in discovery is subject to a claim of privilege or protection as trial-preparation material, the party making the claim may notify any party that received information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

**20. Filing Under Seal:** Local Rule 79.3 states a "party may file under seal any document that a statute or rule requires or permits to be so filed," and "[i]f no statute or rule requires or permits a document to be filed under seal, a party may file a document under seal only on motion and by permission of the presiding judge." N.D. Tex. Civ. R. 79.3(a)–(b). A party may file such a motion under seal and must include the proposed sealed document as an exhibit. N.D. Tex. Civ. R. 79.3(c). If the Court grants the motion, then "the sealed document will be deemed filed as of the date of the order granting leave, or as otherwise specified by the presiding judge." N.D. Tex. Civ. R. 79.3(c).

"Motions to file under seal are decided on a case-by-case basis following the appropriate factors delineated by the Fifth Circuit." *Blackwell v. C.R. Bard, Inc.*, No. 2:19-CV-180, 2021 WL 1088439, at *1 (N.D. Tex. Mar. 22, 2021). The Fifth Circuit recently admonished district courts to remember "[j]udicial records are public records. And public records, by definition, presume public access." *Binh Hoa Le v. Exeter Fin. Corp.*, 990

F.3d 410, 416 (5th Cir. 2021). The Fifth Circuit explained in *Binh Hoa Le* the two distinct

legal standards related to sealed documents:

> The first standard, requiring only good cause, applies to protective orders
> sealing documents produced in discovery. The second standard, a stricter
> balancing test, applies once a document is filed on the public record—when a
> document becomes a judicial record. Under both standards, the working
> presumption is that judicial records should not be sealed.

*Id.* at 418–19 (internal quotations and footnotes omitted); *see also June Med. Servs., L.L.C.*

*v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022) (explaining that "[d]ifferent legal standards

govern protective orders and sealing orders").

The Fifth Circuit further explained that under the stricter balancing test for sealing

records at the filing stage:

> [J]udges, not litigants must undertake a case-by-case, document-by-document,
> line-by-line balancing of the public's common law right of access against the
> interests favoring nondisclosure. Sealings must be explained at a level of detail
> that will allow for this Court's review. And a court abuses its discretion if it
> makes no mention of the presumption in favor of the public's access to judicial
> records and fails to articulate any reasons that would support sealing.

*Binh Hoa Le*, 990 F.3d at 419 (internal quotations and footnotes omitted); *see also June Med.*,

22 F.4th at 520 (holding that "[p]ublicly available information cannot be sealed").

**If a party does not first request leave, anything filed under seal will be**

**stricken and unfiled**. If a party files a motion for leave to file under seal but fails to meet

the appropriate standard outlined in *Binh Hoa Le*, the motion will be denied. The Court will

deny any motions simply stating in broad terms that the party seeks to file a document(s)

under seal under an agreement between the parties.

The Court's electronic filing system only allows parties to either file an entire

document (including any attachments or exhibits) under seal or not under seal. Thus, if a

party wishes to file a document with multiple parts (e.g., an appendix with several exhibits),

and only some of those parts may be filed under seal, the party must file the sealed portions together and the nonsealed portions together.

For example, if a party wishes to file an appendix that has three sealed exhibits and three nonsealed exhibits, that party must:

> 1. File part one of the appendix, with all the nonsealed exhibits, not under seal (e.g., ECF 40 (Appendix, Part One Table of Contents), ECF 40-1 (first nonsealed exhibit), ECF 40-2 (second nonsealed exhibit), and ECF 40-3 (third nonsealed exhibit)); and

> 2. File a motion for leave to file documents under seal, a proposed order, and part two of the appendix, with all of the sealed exhibits, under seal (e.g., ECF 41 (motion), ECF 41-1 (proposed order), ECF 41-2 (Appendix, Part Two Table of Contents), ECF 41-3 (first sealed exhibit), ECF 41-4 (second sealed exhibit), and ECF 41-5 (third sealed exhibit)).

Additionally, if a document (e.g., Exhibit A in an appendix) may not be sealed in full but rather only contains specific sections that may be sealed, then the party must divide that document into multiple documents to ensure that only the document's portions that may be sealed are filed under seal—or otherwise ensure that the entire document is not impermissibly filed under seal (e.g., redacting[1] protected portions of the document before filing it in the public record and then separately filing an unredacted, sealed version of the document for the Court's review).

**CONSENT DECREE AND SETTLEMENT**

**21.** The parties may settle this case, including by consent decree. As an example, a decree might specify that Plaintiff's intended show may take place at an agreed-upon place and time, subject to restrictions consistent with the agreed forum category, such as restrictions on the show's content, attendees' age, and other matters important to the parties.

---

[1] Some redactions may be made without the party filing a motion for leave, because the redactions do not impact the substance of the requested relief. For example, a plaintiff may redact her Social Security number before filing a document in her appendix in support of her motion for summary judgment. *See* FED. R. CIV. P. 5.2(a).

The parties must notify the Court of any proposed decree by **Wednesday, December 30, 2025**.

### PRETRIAL DISCLOSURES AND OBJECTIONS

**22. Pretrial Disclosures:** Unless otherwise directed by order, the parties must make the disclosures required by Rule 26(a)(3)(A) by **Wednesday, January 7, 2026**. Regarding deposition witnesses, the parties must identify the portions of the deposition transcript they intend to use. Identification should be done by highlighting the relevant testimony. Parties' highlights should be specific to the relevant testimony only.

**23. Pretrial Objections:** Before **Wednesday, January 7, 2026**, a party must serve and file a list disclosing any objections to the use of a deposition designated by another party under Rule 26(a)(3)(A)(ii) and the admissibility of materials identified under Rule 26(a)(3)(A)(iii). The list must identify the nature of the objection. Each objection must identify the specific objectionable portion of the exhibit and explain in detail the basis of the objection. Other than exhibits on file with the Court, the objecting party must attach the materials at issue to the objections. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, are waived unless the Court excuses the failure to disclose for good cause.

Counsel must confer about exhibits and deposition designations and make reasonable efforts to agree on admissibility prior to the pretrial order and pretrial conference, at which time the Court will rule on the admissibility of the exhibits.

### MOTIONS IN LIMINE

**24.** Motions in limine must be filed with the Court and served on the opposing party by **Wednesday, January 7, 2026**. Parties may file motions in limine on no more than **five (5) discrete topics** (no subparts) that are actually in dispute. Filing more than five (5)

discrete topics is not permitted except by leave of court. Boilerplate requests that are not tailored to a case-specific matter will not be tolerated. Parties may not raise an issue in a motion in limine in an effort to obtain a substantive ruling that should have been requested in advance of trial by appropriate motion.

Responses must be filed with the Court and served on the opposing party by **Wednesday, January 7, 2026**. Responses must contain legal authority (*e.g.*, Fifth Circuit precedent, relevant statutes, relevant federal rules, etc.) that supports the respondent's position. Replies to responses are due **Friday, January 9, 2026**.

Motions in limine are subject to good-faith compliance with the conference requirements of Local Rule 7.1(a). This conference will help the parties to narrow issues and determine the topics that are actually in dispute. If no topics are disputed after the Rule 7.1 conference, the parties must file a joint advisory with the Court by **Monday, January 5, 2026**. The joint advisory must confirm that the parties engaged in a Rule 7.1 conference in good faith, no disputed topics exist, and a motion in limine is unnecessary.

### PRETRIAL MATERIALS

**25. Pretrial Materials:** All pretrial materials shall be filed by **Wednesday, January 7, 2026**, unless otherwise noted.

**26. Pretrial Order**: A joint pretrial order must be submitted by the Plaintiff's counsel covering each matter listed in Local Rule 16.4 and state the estimated length of trial. If an attorney for either party does not participate in the preparation of the joint pretrial order, the opposing attorney must submit a separate pretrial order with an explanation of why a joint order was not submitted (so that the Court can impose sanctions, if appropriate). Each party may present its version of any disputed matter in the joint pretrial order, meaning failure to agree upon content or language is not an excuse for submitting separate pretrial orders. When the joint pretrial order is approved by the Court, it will control all subsequent

proceedings. The proposed pretrial order should be addressed to **Kacsmaryk_Orders@txnd.uscourts.gov**.

27. **Witness List**: Each party must file a list of witnesses who may be called by each party in its case in chief. Each witness list must contain a brief narrative summary of the testimony to be elicited from each witness, state whether the witness has been deposed, and note whether the witness's testimony at trial is probable or possible. The witness list should also state whether the witness will offer testimony as an expert, record custodian, or fact witness. If any witness needs an interpreter, please note this on the witness list and arrange for an interpreter to be present at trial.

28. **Exhibit List and Deposition-Testimony Designations**: A list of exhibits, including demonstrative exhibits, and a designation of portions of depositions to be offered at trial must be filed by each party. The list of exhibits must describe with specificity the documents or things in numbered sequence (*i.e.*, include line, page, and/or paragraph designation). The documents or things to be offered as exhibits must be numbered by attachment of labels to correspond with the sequence on the exhibit list and identify the party submitting the exhibit.

Each party's exhibit list must be accompanied by a written statement, signed by counsel for each party, and must state that, as to each exhibit shown on the list, either (i) the parties agree to the exhibit's admissibility; or (ii) the admissibility of the exhibit is disputed, **specifically identifying the nature and legal basis of any objection and the objected-to portions of the exhibit as well as the name of the objecting party or parties**.

All parties must cooperate in preparing such statements in a timely manner for filing with the exhibit lists. The Court may exclude any exhibit offered at trial if such a statement regarding the exhibit has not been timely filed. In addition, objections not adequately

identified in the statement may be waived. **A list of each party's exhibits to which no objection will be lodged (pre-admitted) must be submitted at the Pretrial Conference**. The Court expects the parties to confer and agree to admit the majority of their exhibits prior to trial.

**In order to promote a fair and expeditious trial, the Court intends to hear and *decide* objections to exhibits during the Pretrial Conference**. The Court's decision on objections during the pretrial conference will not preclude Parties from making a running objection on the record once for each witness and may do so when the Party proffering the evidence calls these witnesses or attempts to admit and exhibit relevant to the Party's objection through another witness.

### EXCHANGE OF EXHIBITS

**29.** Counsel for each party intending to offer exhibits must exchange a set of marked exhibits with opposing counsel **no later than Wednesday, January 7, 2026** and must deliver **two like sets** of marked exhibits to the Amarillo Division's Clerk's Office, marked to the attention of Judge Kacsmaryk's chambers. Exhibits are to be placed in three-ring binders. The front of the binder is to be labeled with the style of case, case number, name of the party, and volume number. The spine of each binder should be labeled with the appropriate exhibit numbers and/or range of exhibit numbers. The parties should make sure that the size of the exhibit binders is not overly cumbersome for the Court to utilize on the bench—the Court prefers each binder to contain no more than approximately 300 pages.

### PRETRIAL CONFERENCE

**30.** A pretrial conference will be held at **10:00 a.m. (CST)** on **Friday, January 9, 2026,** in person at 205 Southeast Fifth Street, Amarillo, Texas 79119 in the First Floor Courtroom. Here, the Court will discuss and finalize the time limits on the presentation of

evidence to reduce the estimated trial length. Lead counsel for each party must attend. FED. R. CIV. P. 16(c)(1). Lead counsel must have the authority to enter into stipulations and admissions to facilitate the admission of evidence and reduce the time and expense of trial. *Id.* All undecided pretrial motions will be resolved at that time, and procedures for trial will be discussed. The Court will hear and decide objections on exhibits. At the pretrial conference, it should be possible to assign a specific date for trial during the three-week docket.

### TRIAL PROCEDURES AND MATERIALS

**31. Trial Briefs**: A short trial brief, not to exceed five (5) pages (excluding any table of contents and table of authorities), is **required** of each party and must be filed on or before **Monday, January 12, 2026.** The trial briefs should briefly explain and address issues the parties anticipate will arise at trial. In any trial, the Court also welcomes short trial briefs filed by the parties during trial to address any unanticipated issues that arise.

**32. Trial Binders**: On or before **Monday, January 12, 2026**, each party must deliver to the Court, after allowing an inspection by the opposing party, a three-ring, tabbed trial binder that contains: (1) a table of contents; (2) all attorneys' contact information; (3) witness lists; (4) exhibit lists; (5) relevant pretrial motions and orders expected to be addressed during trial; (6) relevant bench briefs and caselaw; (7) the trial brief; (8) any motions in limine; and (9) any other relevant documents that will assist the Court and the parties during trial.

The exhibits that will be sent to the Amarillo Division Clerk's Office in a separate binder, as stated in subsection 8(C) of this order, should not be included in the trial binder.

The binders must be three-ring binders, the front of the binder is to be labeled with the style of case, case number, name of the party, and volume number, and the spine of each binder should be labeled as "Trial Binder—[Party Name]". The parties should make sure that the size of the trial binders is not overly cumbersome for the Court to utilize on the bench—

the Court prefers each binder to contain no more than approximately three-hundred (300) pages.

**33. Trial Procedures:** Unless leave of court is obtained, the Court will limit the examination of each witness to direct examination, cross-examination, one redirect examination, and one recross-examination. The redirect and recross must be limited to the subject of the immediately preceding examination. The Court adheres to the scope of cross-examination as outlined in Federal Rule of Evidence 611(b). Local Rule 83.4 governs the conduct of counsel at trial.

**34. Trial Requirements—Daily Synopses and Pretrial Joint Exhibit List:** To ensure a fair and efficient trial, the Court **ORDERS** that, **starting on Tuesday, January 13, 2026**, and continuing through the duration of trial, parties must provide the Court with daily requirements according to the following instructions:

   **a.** The party presenting evidence the following day must email the Court (Victoria_Shrewsbury@txnd.uscourts. gov), as well as all counsel, **by 6:30 p.m. (CST)** identifying: (1) witnesses it intends to present; (2) exhibits it intends to cover; (3) demonstratives it intends to use the following day; and (4) a summary of the testimony it intends to elicit from each witness.

   **b.** The opposing side must email the Court, as well as all counsel, **by 8:00 p.m. (CST) the same day** specifying what, if any, objections it has to those exhibits or demonstratives. Each objection must contain the concise written basis for the objection with a citation to the

relevant authority. Explanations should be in plain English. A mere citation to a rule number is insufficient. The Court will rule on those objections at **8:30 a.m. (CST)** the next morning, time permitting, or at sidebars throughout trial.

**SO ORDERED**.

November _10_, 2025

_____

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

17