No. 23-10994

# In the United States Court of Appeals for the Fifth Circuit

Spectrum WT; Barrett Bright; Lauren Stovall,

*Plaintiffs-Appellants*,

*v.*

Walter Wendler; Dr. Christopher Thomas; John Sharp; Robert L. Albritton; James R. Brooks; Jay Graham; Tim Leach; Bill Mahomes; Elaine Mendoza; Michael J. Plank; Cliff Thomas; Demetrius L. Harrell, Jr.; Michael A. Hernandez, III,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Northern District of Texas, Amarillo Division

## DEFENDANTS-APPELLEES' RESPONSE TO MOTION TO HOLD APPEAL IN ABEYANCE

Ken Paxton
Attorney General of Texas

Brent Webster
First Assistant Attorney General

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

William R. Peterson
Solicitor General

William F. Cole
Principal Deputy Solicitor General
William.Cole@oag.texas.gov

*Counsel for Defendants-Appellees Walter Wendler and Dr. Christopher Thomas*

## Certificate of Interested Persons

No. 23-10994

Spectrum WT; Barrett Bright; Lauren Stovall,

*Plaintiffs-Appellants,*

*v.*

Walter Wendler; Dr. Christopher Thomas; John Sharp; Robert L. Albritton; James R. Brooks; Jay Graham; Tim Leach; Bill Mahomes; Elaine Mendoza; Michael J. Plank; Cliff Thomas; Demetrius L. Harrell, Jr.; Michael A. Hernandez, III,

*Defendants-Appellees.*

Under the fourth sentence of Fifth Circuit Rule 28.2.1, defendants-appellees, as governmental parties, need not furnish a certificate of interested persons.

/s/ William F. Cole
William F. Cole
*Counsel for Defendants-Appellees Walter Wendler and Dr. Christopher Thomas*

## Response to Motion to Hold Appeal in Abeyance

The Court should deny the motion to abate the appeal. Although Appellees did not oppose—and indeed, jointly filed—the motion requesting that the district court reset the dates for the bench trial in the light of this Court's upcoming *en banc* proceedings, *see* Mot. Ex. A, the district court declined to do so. Appellants offer no compelling reason for the *en banc* Court to adjust *its* schedule to order the proceedings in a way the district court did not see fit to order them (twice). At least three reasons counsel against granting the abatement request.

*First*, "the district court has jurisdiction to proceed to trial while [the Court] review[s] *en banc* the factual, historical, and legal issues on appeal from the preliminary injunction." *United States v. Abbott*, 92 F.4th 570, 573 (5th Cir. 2024) (en banc) (Willett, J., concurring) (citing *Satanic Temple Inc. v. Tex. Health & Human Servs. Comm'n*, 79 F.4th 512, 514 (5th Cir. 2023)). And as Appellants forthrightly acknowledge (at 8), the *en banc* Court has previously not seen fit to disturb a district court's expedited trial setting that would run parallel with *en banc* proceedings. *Id.* at 570 (majority op.) (per curiam). No principle of law compels an appellate court to stay its hand out of deference to a district court's decision to proceed to trial while the appellate court conducts *en banc* proceedings. In fact, because "any conclusions of law made by an *en banc* court on appeal from a preliminary injunction are binding on the district court in a subsequent trial on the merits," *id.* at 573 n.2 (Willett, J., concurring), principles of judicial economy run in the other direction.

*Second*, there is no prudential reason for the Court to abate this appeal. Later-in-time briefing "address[ing] the District Court's findings and decision at trial,"

Mot. 8, will not aid the *en banc* court in resolving the precise issue before it: whether, on the record before it at the time, the district court properly refused to enter a preliminary injunction. *Cf. Mayor of Baltimore v. Azar*, 973 F.3d 258, 266 (4th Cir. 2020) (consolidating appeals from preliminary and permanent injunction and voting to hear both *en banc*). After all, "a court of appeals typically 'will not consider matter that was filed with the district court . . . *after* the date of the judgment or order that is challenged on appeal.'" *Craig v. Bisignano*, 157 F.4th 773, 774 (5th Cir. 2025) (quoting 16A Wright & Miller, Fed. Prac. & Proc. § 3956.1 (5th ed.)). And if the concern is that the district court's bench trial may "moot" the *en banc* proceedings, Mot. 5, abating the appeal exacerbates, rather than ameliorates, that problem.

*Third*, while Appellees are sympathetic to the fact that the district court's bench trial may cut into Appellants' counsel's preparation time for oral argument, *see* Mot. 10, that is no reason to abate the appeal. The bench trial presents no true scheduling conflict: oral argument is set for January 23, and the district court has set the bench trial for January 14. ECF 129 at 1. Critically, the district court has explained that the bench trial is likely to "take the form of a single-day permanent injunction hearing, where the parties will have an opportunity to present argument and evidence on a few discrete issues." ECF 129 at 3-4. That single-day preliminary-injunction hearing should pose no great obstacle to Appellants' oral argument preparation plans, and any inconvenience to Appellants' counsel should be outweighed by the inconvenience to the Court of putting off oral argument for months.

This preliminary-injunction appeal has been pending since May 2023; the Court should keep the current schedule in place to ensure that the Court may expeditiously review the important legal issues posed by this appeal.

## Conclusion

The Court deny the motion to abate the appeal.

Dated: November 27, 2025

Respectfully submitted.

Ken Paxton
Attorney General of Texas

William R. Peterson
Solicitor General

Brent Webster
First Assistant Attorney General

/s/ William F. Cole
William F. Cole
Principal Deputy Solicitor General
William.Cole@oag.texas.gov

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

*Counsel for Defendants-Appellees Walter Wendler and Dr. Christopher Thomas*

3

### Certificate of Compliance

This brief complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 646 words, excluding the parts of the brief exempted by Rule 32(f); and (2) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Equity) using Microsoft Word (the same program used to calculate the word count).

/s/ William F. Cole
WILLIAM F. COLE