No. 23-10994

# In the United States Court of Appeals for the Fifth Circuit

SPECTRUM WT,

*Plaintiffs-Appellants,*

*v.*

WALTER WENDLER; DR. CHRISTOPHER THOMAS,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Northern District of Texas, Amarillo Division

## APPELLEES' RESPONSE TO APPELLANT'S MOTION FOR VOLUNTARY DISMISSAL

This past Saturday, the district court issued findings of fact and conclusions of law and then entered final judgment denying Spectrum's request for declaratory and injunctive relief on its First Amendment claims. *See* ECF Nos. 168, 169, *Spectrum WT v. Walter Wendler*, No. 2:23-cv-0048-Z (N.D. Tex. Jan. 17, 2026). Appellees agree that the issuance of an order and final judgment denying Spectrum's claims moots Spectrum's appeal of the district court's order denying it preliminary relief.

As this Court has explained, "[a] denial of permanent relief moots the appeal from a denial of preliminary relief." *Koppula v. Jaddou*, 72 F.4th 83, 84 (5th Cir. 2023); *see also Wagner v. Campuzano*, 548 F. App'x 133, 134 (5th Cir. 2013) (per curiam) (same). "After all, there is no need for a preliminary injunction to preserve the status quo during the pendency of trial court proceedings that are now over."

*Koppula*, 72 F.4th at 84; *see Capriole v. Uber Techs., Inc.*, 991 F.3d 339, 343 (1st Cir. 2021) (holding "that an appeal from the denial of a preliminary injunction motion becomes moot when final judgment issues because the district court's denial of the motion merges with the final judgment"); *cf. United States v. Abbott*, 92 F.4th 570, 576 (5th Cir. 2024) (Ho, J., dissenting). Thus, this Court could properly grant Spectrum's motion for voluntary dismissal.

Nevertheless, Spectrum has informed the Court that it "intends to appeal the district court's final judgment and to litigate further any issues that were raised in the preliminary injunction motion in that forthcoming appeal." ECF 323 at 7 (citation omitted). The Court might construe that statement as a notice of appeal, since "the notice of appeal requirement may be satisfied by any statement, made either to the district court or to the Court of Appeals, that clearly evinces the party's intent to appeal." *Cobb v. Lewis*, 488 F.2d 41, 45 (5th Cir. 1974) (Wisdom, J.); *see Partners & Friends Holding Corp. v. Cottonwood Minerals, L.L.C*, No. 23-10192, 2023 WL 8649880, at *2 (5th Cir. Dec. 14, 2023) (docketing statement treated as notice of appeal); 1979 Advisory Committee Note, Fed. R. App. P. 3(c). Or the Court could hold the voluntary-dismissal motion in abeyance until Spectrum files its formal notice of appeal in the district court. In either scenario, the Court could—on its own motion or a party's—consolidate the two appeals before the en banc Court in lieu of dismissal, as the Fourth Circuit did in similar circumstances. *See Mayor of Baltimore v. Azar*, 973 F.3d 258, 273-74 (4th Cir. 2020); Fed. R. App. P. 40(g).

If the Court were to choose to proceed by way of a consolidated appeal, supplemental briefing would be necessary given the more developed factual record before

the district court at final judgment and the additional issues implicated. *See, e.g.*, ECF 323 at 7 n.3 (explaining that Plaintiffs wish to appeal the dismissal of their damages claim against President Wendler).

Dated: January 19, 2026

Respectfully submitted.

Ken Paxton
Attorney General of Texas

William R. Peterson
Solicitor General

Brent Webster
First Assistant Attorney General

/s/ William F. Cole
William F. Cole
Principal Deputy Solicitor General
William.Cole@oag.texas.gov

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700

Christopher J. Pavlinec
Assistant Attorney General

*Counsel for Defendants-Appellees*
*Walter Wendler and Dr. Christopher Thomas*

## Certificate of Compliance

This brief complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 487 words, excluding the parts of the brief exempted by Rule 32(f); and (2) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Equity) using Microsoft Word (the same program used to calculate the word count).

/s/ William F. Cole

William F. Cole